Queen E. **HARRELL**, Plaintiff,

v.

**SPANGLER, INC.**, Defendant.

Civil Action No. 96–2321–KHV.

United States District Court,
D. Kansas.

March 21, 1997.

Queen Esther Harrell, Kansas City, KS, pro se.

Douglas R. Richmond, Martin L. Rosemann, Armstrong, Teasdale, Schlafly & Davis, Kansas City, MO, for Spangler, Inc.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff Queen E. Harrell claims that her employer, Spangler, Inc. ("Spangler"), discriminated against her on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Specifically, plaintiff claims that because she is African–American, defendant refused give her a raise after it promoted her in 1994 and refused to rehire her after it laid her off from her job in 1995. The matter comes before the Court on *Defendant's Motion For Summary Judgment* (Doc. # 22) filed January 31, 1997. For reasons set forth below, the Court finds that such motion should be sustained.

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252, 106 S.Ct. at 2512.

The moving party bears the initial burden of showing that there is an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga, Okla.,* 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dis-

positive matters for which it carries the burden of proof." *See Applied Genetics Int'l. Inc. v. First Affiliated Securities, Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990); *see also Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. *Applied Genetics*, 912 F.2d at 1241.

"[W]e must view the record in a fight most favorable to the parties opposing the motion for summary judgment." *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative. *See Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511–12. "In a response to a motion for summary judgment, a party cannot rest on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith*, 853 F.2d 789, 793 (10th Cir. 1988). Where the nonmoving party fails to properly respond to the motion for summary judgment, the facts as set forth by the moving party are deemed admitted for purposes of the summary judgment motion. D. Kan. Rule 56.1. Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512. Ever mindful of these summary judgment standards, we now turn to the merits of defendant's motion.

### Facts [1]

Plaintiff began her employment as a Bookbinder III at Spangler in March 1992. On January 13, 1994, defendant promoted her to the position of Bookbinder II. Plaintiff did not receive a raise in connection with her promotion. Cindy Griffin, a Caucasian woman who was promoted to Bookbinder II at the same time, did receive a raise.

On October 10, 1995, defendant terminated plaintiff's employment in connection with company-wide cutbacks in personnel which the company had determined were financially necessary. Plaintiff was the only African-American Bookbinder II laid off at Spangler; in fact, at the time of the lay-off, plaintiff was the only African–American employee in Spangler's entire book bindery department.

In November 1995, defendant revised the job requirements of the Bookbinder II position to include the ability to operate all small binding equipment, including a laminator, a tape applicator, a nigron daily, and a shrink wrapper. Plaintiff does not have any experience operating a laminator. On November 26, 1995, Spangler advertised in the classified section of THE KANSAS CITY STAR for a Bookbinder II. Shortly thereafter, plaintiff contacted Spangler to apply for the advertised position.

On December 6, 1995, plaintiff met with Supervisor Don Nelson and Human Resources Manager Connie Wadkins at Spangler. They told plaintiff that she was not qualified for the Bookbinder II position as it had been redefined because she was unable to set up the required machines. Nelson and Wadkins also told plaintiff that her 1994 promotion to Bookbinder II had been a mistake. Spangler rejected plaintiff's application for rehire as a Bookbinder II. Spangler has not hired anyone to fill the Bookbinder II position that it advertised on November 26, 1995.

After the lay-offs and around the time that plaintiff reapplied for the Bookbinder II position, Spangler hired two people for the position of Bookbinder I. Plaintiff does not dispute that a Bookbinder I has higher qualifications and is paid more than a Bookbinder II.

After Spangler rejected plaintiff's application, plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"). The Charge reads as follows:

---

**1.** The facts set forth in this memorandum and order are either uncontroverted or, where controverted, construed in the light most favorable to plaintiff. Immaterial facts and factual allegations not properly supported by the record are omitted.

On or about December 6, 1995, I learned that this employer was not going to rehire me for a Bookbinder II position which was advertised in the newspaper. I had been working for the firm as a Bookbinder II at the time of my layoff during October 1995. During a meeting held on December 6, 1995, Connie Watkins (Human Resources Manager) and Don Nelson (Supervisor) indicated that I was not qualified for a Bookbinder II job, since I was unable to set-up the machines. They also advised that my July 1994[2] promotion to Bookbinder II had been a mistake.

I believe that I was denied rehire as a Bookbinder II due to my race (Black), in violation of Title VII of the Civil Rights Act of 1964, as amended. At the time of my layoff, I was the only Black employee within the entire Book Bindery Department.

The Charge indicates that the earliest date the alleged discrimination took place was October 10, 1995, and the latest date was December 6, 1995. The Charge does not indicate that Spangler's alleged discrimination against plaintiff was a continuing action.

### Analysis

Plaintiff alleges two discriminatory acts by defendant. First, she alleges that defendant refused to rehire her as a Bookbinder II because of her race. Second, she alleges that defendant's failure to give her a raise in connection with her 1994 promotion was also because she is African–American.

#### A. Refusal to Rehire

■ Title VII makes it unlawful for an employer to refuse to hire any individual because of that individual's race. 42 U.S.C. § 2000e–2(a)(1). A plaintiff in a Title VII case has the initial burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Plaintiff can satisfy that burden by showing that (1) she belongs to a protected class; (2) she applied and was qualified for the position at issue; (3) despite such qualifications, she was rejected; and (4) after plaintiff's rejection, the position remained open and the employer continued to seek similarly qualified applicants. *Id.* The rationale for requiring plaintiff to carry this initial burden is to eliminate the most common nondiscriminatory reasons for plaintiff's rejection and to raise the inference of discrimination, since acts which meet the *McDonnell Douglas* four-pronged test are more likely than not based on impermissible considerations. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

Plaintiff's prima facie case falters on the second element of the *McDonnell Douglas* test. Plaintiff does not dispute that defendant revised the job description of Bookbinder II to include the ability to operate the laminator and other small binding equipment. Plaintiff also admits that she did not have any experience operating the laminator. The undisputed record thus reveals that plaintiff did not possess the requisite experience to fill the Bookbinder II position as it had been revised.[3]

Plaintiff also fails to meet the fourth element which *McDonnell Douglas* requires to establish a prima facie case of discrimination. Although plaintiff points out that two people were hired to fill the Bookbinder I position after defendant rejected her, it is undisputed that those individuals had to have higher qualifications than plaintiff possessed in order to obtain their position with Spangler. And although the position of Bookbinder II remained open, plaintiff does not allege—and no evidence tends to establish—that defendant continued to seek applicants with qualifications similar to hers.

---

2. Although plaintiff states in her Charge of Discrimination that Spangler promoted her to Bookbinder II in July 1994, she testified in her deposition that she was promoted on January 13, 1994. The Court need not resolve this apparent discrepancy because it is immaterial to the Court's analysis and disposition of the case.

3. Nor does plaintiff allege that defendant revised the Bookbinder II position in bad faith or as a pretext for refusing to hire her.

Because plaintiff has failed to establish a prima facie case of discrimination, defendant's motion for summary judgment on her claim that defendant acted with discriminatory intent in failing to rehire her must be sustained.

### B. Failure to Raise Plaintiff's Salary

Plaintiff claims that defendant discriminated against her by failing to give her a raise after it promoted her from Bookbinder III to Bookbinder II in 1994. Defendant asserts that plaintiff's claim is barred by the statute of limitations and because plaintiff did not make this claim in her EEOC charge.

 Timely filing of a charge with the EEOC is a prerequisite to suit under Title VII. *Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 1243, — L.Ed.2d —— (1997). Not only must plaintiff have filed an administrative charge with the EEOC in order to prosecute a lawsuit, she must have done so in compliance with Title VII's explicit time limits. To comply, a plaintiff must have filed an EEOC charge within 300 days of the employer's allegedly unlawful action. 42 U.S.C. § 2000e–5(e); *see also West v. Boeing Co.,* 843 F.Supp. 670, 674(1) (Kan.1994), *vacated in part on other grounds,* 851 F.Supp. 395 (D.Kan.1994).[4]

Plaintiff claims that defendant failed to give her a raise in January 1994 when she was promoted to Bookbinder II.[5] She did not file her Charge of Discrimination with the EEOC until after defendant refused to rehire her in December 1995. Therefore plaintiff's EEOC charge was not timely filed as to her claim that defendant unlawfully discriminated against her by failing to give her a raise in connection with her promotion.

 Moreover, even if plaintiff had filed her EEOC charge in a timely manner, it did not allege that defendants failed to give her a raise in connection with her promotion, and she is therefore barred from pursuing such a

claim in this Court. The scope of judicial proceedings in this area is limited to claims that were included in the EEOC charge and any other claims "like or reasonably related to [them]." *Brown v. Hartshorne Pub. Sch. Dist. No. 1,* 864 F.2d 680, 682 (10th Cir.1988). A party may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir.1992).

Although the Court must construe the EEOC charge liberally in order to effectuate the remedial purpose of Title VII, the crucial inquiry is whether the claims set forth in the civil complaint fall within the scope of the investigation that could reasonably be expected to grow out of the EEOC charges. *Atkins v. Boeing Co.,* 1993 WL 186170, *3 (D.Kan.1993), *aff'd* 28 F.3d 112 (10th Cir. 1994); *see also Bolden v. PRC Inc.,* 43 F.3d 545, 552–53 (10th Cir.1994), *cert. denied,* — U.S. —, 116 S.Ct. 92, 133 L.Ed.2d 48 (1995). "Allowing a complaint to encompass allegations outside the ambit of the predicate charge would circumvent the administrative agency's investigatory and conciliatory role as well as deprive the charged party notice of the charge." *Jensen v. Board of County Comm'rs,* 636 F.Supp. 293, 298 (D.Kan.1986).

Plaintiff's EEOC charge does not adequately encompass her allegation here that defendant discriminated against her by failing to give her a raise in connection with her promotion. Plaintiff contends that such a claim is encompassed by her allegation in the EEOC charge that Ms. Wadkins and Mr. Nelson told her on December 6, 1995, that her promotion to Bookbinder II had been a mistake. Such a statement is too vague, however, to put defendant on notice that plaintiff would be pursuing a claim that it failed to give her a raise in connection with her 1994 promotion—especially in view of the fact that her EEOC charge alleges that defendant's discriminatory acts occurred be-

---

4. Title VII actually establishes alternative limitation periods of 180 and 300 days. The longer limitation period applies in Kansas because it is a so-called "deferral state," *i.e.,* one having adopted a law against discrimination and authorized a state agency to grant relief from it.

5. Again, even if plaintiff's promotion occurred in June 1994 instead of January 1994, the Court's analysis remains the same.

tween October 10, 1995, and December 6, 1995. In addition, the allegations which plaintiff included in her EEOC charge could not be expected to spawn an investigation into whether defendant discriminated against plaintiff by failing to give her a raise in connection with her promotion in 1994. Consequently, the Court finds that this claim is time-barred and is also barred because of plaintiff's failure to raise it in her EEOC charge.

**IT IS THEREFORE ORDERED** that *Defendant's Motion For Summary Judgment* (Doc. # 22) filed January 31, 1997, be and hereby is sustained.