William Earnest REESE, Plaintiff,

v.

OWENS–CORNING FIBERGLAS, Defendant.

William Earnest REESE, Plaintiff,

v.

OWEN–CORNING FIBERGLAS, Defendant.

William Earnest REESE, Plaintiff,

v.

OWENS–CORNING FIBERGLAS, Defendant.

Nos. 96–2048–JWL, 96–2450–JWL, 96–2556–JWL.

United States District Court, D. Kansas.

April 18, 1997.

Barry R. Grissom, Overland Park, KS, Jeanne Gorman Rau, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Anthony F. Rupp, Shughart, Thomson & Kilroy, Overland Park, KS, Thomas L. Thurston, Dwyer, Dykes & Thurston, Overland Park, KS, J. Shane Rockey, Kansas City, KS, for William E. Reese.

Douglas C. McKenna, Kevin F. Warren, Lewis, Rice & Fingersh, Kansas City, MO, for Owens–Corning Fiberglas Corp.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

This matter is before the court on J. Shane Rockey's oral motion to withdraw as counsel for plaintiff.

On December 18, 1996, United States Magistrate Judge Gerald L. Rushfelt issued an order appointing J. Shane Rockey as counsel for plaintiff in Case No. 96–2048–JWL. On January 15, 1997, plaintiff filed a motion wherein he claimed that he had had a discussion with Mr. Rockey and that Mr. Rockey had told him that he had never handled a civil case such as the one filed by plaintiff. Plaintiff requested that the court allow Mr. Rockey to withdraw and sought appointment of a new attorney. On January 24, 1997, Mr. Rockey filed a motion seeking leave to withdraw on the grounds that he was a sole practitioner and that he did not have experience or expertise in employment law.

The Scheduling Conference in this case was held on February 7, 1997, at which time the court heard argument on the motions to withdraw. Mr. Rockey again represented that he had not handled cases such as the one filed by plaintiff. The court noted that upon review of the court records, counsel had filed civil rights actions in this court. The court, being fully advised that Mr. Rockey may not have handled Title VII actions previously and that he was a sole practitioner, determined that with adequate preparation and tutelage, counsel could be properly prepared to represent plaintiff's interests. The court obtained the agreement of Ruth Benien, a member of the bar of this court who is experienced in handling Title VII cases, to act in the capacity of mentor. The court denied the motions to withdraw and appointed Mr. Rockey in Case Nos. 96–2556–JWL and 96–2450–JWL, which the court determined were related factually to Case No. 96–2048–JWL.

Mr. Rockey has now contacted the court informally claiming that he is incapable of handling these cases due to his experience level and his status as a sole practitioner. He states that he will not be able to make an adequate living for his family if required to continue to serve the court in these cases. He objects to being appointed to represent this plaintiff without his consent and being required to continue the representation when he has determined he should withdraw. He equates the court's appointment in this case to involuntary servitude.

Mr. Rockey was admitted to practice in this court and the Kansas Supreme Court in 1991 and was subsequently admitted to the Supreme Court of Missouri in 1992. He has been practicing law for almost six years. He holds himself out to be in general practice with 50% of that practice in litigation areas. Yet Mr. Rockey claims exemption from civil appointment by virtue of his chosen mode of practice, a sole practitioner.

It is apparent that Mr. Rockey has failed to understand that admission to practice before this court imposes responsibility as a condition of enjoying the privilege of such admission. The court has explained to Mr. Rockey that practicing before this court as a

civil practitioner bears the responsibility of representing indigent clients on an occasional basis upon appointment by the court. In response, Mr. Rockey advises that he would prefer not to file civil cases in this court if he is subjected to such a risk or requirement.

Mr. Rockey claims that plaintiff has provided him with a three page list of witnesses and that he does not have the time to investigate or to take the statements of the witnesses or the money necessary to take all their depositions. Mr. Rockey continues to claim that he is not qualified to handle these cases. He states that he cannot handle these cases and at the same time handle other matters for which he receives compensation in his private practice. He, consequently, fears being sued for malpractice.

The court has confirmed that Mr. Rockey is aware of the provisions of D. Kan. Rule 83.5.3.1 related to reimbursement for certain out-of-pocket expenses. The court has also advised counsel that he is not required by virtue of this appointment to expend his own funds to litigate the case.

The court would not have appointed Mr. Rockey to represent plaintiff in these cases if the court was not satisfied that he could properly represent the plaintiff. Due to his uncertainty in handling a Title VII case, the court took the extraordinary step of selecting and appointing a mentor to work with him and to be available to him throughout these cases as a resource. Notwithstanding, it is apparent to the court that Mr. Rockey has now determined that he not only does not want to handle these cases but he is unwilling to devote the time and energy necessary to properly prepare these cases. He is unwilling to use his time to conduct investigation or to interview witnesses. Essentially, Mr. Rockey refuses to expend any time in these cases without monetary compensation. Mr. Rockey has either forgotten or simply disregards his professional obligations to the court and the public not to attempt to avoid court appointments to represent indigent persons. His attention is directed to MODEL RULES OF PROFESSIONAL CONDUCT Rule 6.2 which provides:

A lawyer shall not seek to avoid appointment by a tribunal to represent a person except for good cause, such as:

. . . .

(b) the client is likely to result in an unreasonable financial burden on the lawyer.

Mr. Rockey has not demonstrated any specific financial burden.

Under the circumstances, the court has determined that the interests of plaintiff, as well as the court, would be best served by removing Mr. Rockey as counsel in these cases. The court, therefore, orders the removal of Mr. Rockey as counsel for plaintiff. The court suggests that Mr. Rockey seriously consider whether he should file civil cases in this court in the future in light of the occurrences in this case.

The court will appoint Anthony F. Rupp, a member of the bar of this court, whose address is 9225 Indian Creek Parkway, Overland Park, Kansas 66210 and whose telephone number is 913–451–3355, as counsel for plaintiff. For the information of appointed counsel, the plaintiff's address is 6701 Paseo, Kansas City, Missouri 64132, and telephone number is 816–444–0937.

IT IS SO ORDERED.