William E. REESE, Plaintiff,

v.

TEAMSTERS LOCAL UNION NO. 541, et al., Defendants.

Civil Action No. 97–2359–KHV.

United States District Court, D. Kansas.

Feb. 17, 1998.

William E Reese, Kansas City, MO, pro se.

Michael C. Arnold, Jason M. Pottenger, Gregory M. Power, Yonke, Arnold, Newbold & Regan, P.C., Kansas City, MO, for Local 541 Teamsters, Defendant.

Douglas C. McKenna, Leland H. Corley, Lewis, Rice & Fingersh, L.C., Kansas City, MO, for Owens Corning Fiberglas, Defendant.

Joseph H Moore, Jennifer Glancy Brouillette, Van Osdol, Magruder, Erickson & Redmond, Kansas City, MO, Jason M. Pottenger, Gregory M. Power, Yonke, Arnold, Newbold & Regan, P.C., Kansas City, MO, for Bruce C. Jackson, Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on the *Motion Of Defendant Bruce C. Jackson To Dismiss Plaintiff's October 1, 1997 Complaint* (Doc. # 33) filed October 14, 1997; *Defendant Teamsters Local Union No. 541's Motion To Dismiss Pursuant To Federal Rules of Civil Procedure 12(b)(1) And 12(b)(6)* (Doc. # 36) filed October 24, 1997; *Defendant Owens Corning's Motion To Dismiss Amended Complaint* (Doc. # 39) filed October 24, 1997; and plaintiff's *Motion Not To Dismiss* (Doc. # 48) filed December 9, 1997.

### Plaintiff's Allegations

A brief history of the pleadings is in order.

William E. Reese filed a pro se complaint on July 21, 1997, alleging that Teamsters Local Union No. 541 [the union], Owens Corning Fiberglas and Bruce Jackson, Esq., violated his rights when they discriminated against him on account of his race (Black) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–1 *et seq.*, and on account of his disability in violation of Americans With Disabilities Act [ADA], 42 U.S.C. §§ 12101 *et seq.* More specifically, plaintiff complained that defendants had terminated his employment, subjected him to unequal terms and conditions of employment, and retaliated against him, and that the union failed to represent him properly on account of his race. Plaintiff alleged that the discrimination occurred on March 19, 1996 at Owens Corning, and that he had received a notice of right to sue from the Equal Employment Opportunity Commission [EEOC] on April 23, 1997.

To his complaint, plaintiff attached copies of numerous documents which purported to reveal the following facts: Owens Corning terminated plaintiff's employment on March 19, 1996, purportedly because he had failed to provide appropriate disability paperwork by March 18, 1996. The events which led to the termination began on January 26, 1996, when Reese called Owens Corning to request non-occupational sick leave as a result of an injury he had sustained while shoveling snow.

Reese requested further extensions on February 2, February 21, February 28 and March 5, 1996. The Health Care Coordinator asked Reese to sign an authorization which would enable her to secure additional medical records to validate his claims. Reese told her that he would secure the necessary records. The records were not supplied by March 18, 1996, however, and Owens Corning canceled Reese's on-leave status and converted his days off work to chargeable absences. As a result, plaintiff's absenteeism exceeded that allowed by the attendance program policy and Owens Corning terminated his employment.

Reese filed a grievance which proceeded to a hearing on October 18, 1996. Bruce C. Jackson, Esq., represented plaintiff. On January 3, 1997, the arbitrator held that Owens Corning had had just cause to terminate plaintiff's employment.

Plaintiff claims that the union and its representatives (president Robert Gillihan, business representative Fred Fisher, chief union steward John Farmer, and shift steward Guy Balliseteria) conspired with union attorney Jackson and Owens Corning to cause him to lose all wages and benefits which he had accrued in 20 years of employment with the company, all on account of his race. Plaintiff insists that he is the only person who has ever been terminated over a medical release form (an unnecessary one, at that) and that he would have won the arbitration had he represented himself and had an unprejudiced arbitrator. Specifically, he alleges that he turned in all documents which were necessary to maintain non-occupational sick leave status under the collective bargaining agreement [CBA]; that under the CBA, a medical release cannot be used to terminate anyone's employment; and that the CBA prohibits the company from refusing to let an employee return to work because he does not have a doctor's written release when receipt of the information is merely delayed. Plaintiff also claims that white employees committed much more serious infractions and were allowed back to work.

On April 16, 1997, Reese filed a charge of discrimination against the union, alleging that it had failed to represent him properly due to his race, in violation of Title VII. The EEOC issued its notice of right to sue on April 23, 1997.

On September 25, 1997, the Court conducted a scheduling conference. At that time it overruled the motions to dismiss which Jackson and Owens Corning had filed on September 19, 1997 (Doc. # 16) and September 7, 1997 (Doc. # 11), respectively, and granted plaintiff's oral motion for leave to amend by October 6, 1997. See *Scheduling Order* (Doc. # 26) filed September 25, 1997.

On October 2, 1997, plaintiff filed individual complaints against each defendant. As to the union, plaintiff alleged race discrimination in violation of Title VII, disability discrimination in violation of the ADA, and breach of the duty of fair representation. Plaintiff alleged that Jackson conspired with the union to injure plaintiff under 42 U.S.C. § 2000e–5 and the ADA, and breached his duty of fair representation to plaintiff. Plaintiff alleged that Owens Corning also conspired with the union to injure plaintiff under 42 U.S.C. § 2000e–5 and the ADA, and breached its contract with plaintiff.

In the pretrial order, plaintiff has clarified his conspiracy theory, alleging specifically that Jackson and Fisher (on the union side) conspired with Doug Healey, Kelly Keaton and Mary Roland (on behalf of Owens Corning) to "keep him terminated" on account of his race. The pretrial order also makes it clear that plaintiff does not challenge the termination decision itself; that issue is presently the subject of a separate lawsuit now pending before the Honorable John W. Lungstrum. See *Reese v. Owens Corning Fiberglas*, 962 F.Supp. 1418 (D.Kan.1997).[1] In this case, plaintiff alleges only that defendants conspired to prevent him from getting a fair hearing on the grievance which complained of the termination decision. Plaintiff has not alleged a factual basis for any ADA claim and plaintiff's statements at the pretrial conference make it clear that he is not pursuing such a claim in this case. *Pretrial Order* (Doc. # 72) filed February 17, 1998.

---

1. In addition to that case and the one which is the subject of these motions, plaintiff has two other lawsuits pending against Owens Corning in this Court. Case. Nos. 96–2450–GTV and 96–2556–JWL.

### Motions to Dismiss

Jackson claims that plaintiff's pleadings are legally insufficient and moves to dismiss because (1) Title VII affords no relief to plaintiff since neither the union nor Jackson employed him; (2) plaintiff failed to exhaust Title VII administrative remedies against him; (3) plaintiff failed to plead with particularity the alleged conspiracy; (4) conspiracy is not a separately actionable tort; and (5) plaintiff's claim for breach of the duty of fair representation is time-barred. The union joins in Jackson's last argument. Owens Corning seeks dismissal under Rule 12(b)(1) and Rule 12(b)(6), arguing that (1) plaintiff has failed to plead with particularity the alleged conspiracy; (2) conspiracy is not a separately actionable tort; and (3) plaintiff has failed to exhaust administrative remedies under Title VII. Plaintiff's "motion not to dismiss" contains no legal analysis but in 41 handwritten pages reiterates the facts of his claim and demands that defendants be held to answer for their wrongdoing.

### A. Failure To Exhaust Title VII Claims

■ To bring a Title VII cause of action, an employee must file a discrimination charge with the state agency within 300 days after the alleged discriminatory act occurred. 42 U.S.C. § 2000e–5(e). An aggrieved employee may not maintain a Title VII suit in federal court unless the employee has "pursued [these] avenues of potential administrative relief." *Love v. Pullman Co.*, 404 U.S. 522, 523, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Exhaustion of administrative remedies is a prerequisite to filing a Title VII action in federal court. *Harrell v. Spangler, Inc.*, 957 F.Supp. 1215, 1219 (D.Kan.1997); *Gulley v. Orr*, 905 F.2d 1383, 1384 (10th Cir.1990). The exhaustion requirement "serves the purpose of 'giv[ing] the agency the information it needs to investigate and resolve the dispute between the employee and the employer. Good faith effort by the employee to cooperate with the agency ... and to provide all relevant, available information'" is what exhaustion requires. *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir.1993) (quoting *Wade v. Secretary of Army*, 796 F.2d 1369, 1377 (11th Cir.1986).)

■ Because plaintiff did not name either Jackson or Owens Corning in his EEOC charge of April 16, 1997, he has not exhausted administrative remedies as to them. *Khader*, 1 F.3d at 971 (quoting *Wade*, 796 F.2d at 1376); *see also Edwards v. Department of the Army*, 708 F.2d 1344, 1346 (8th Cir.1983); *Ettinger v. Johnson*, 518 F.2d 648 (3d Cir.1975) (where agency does not reach merits of complaint because plaintiff failed to comply with administrative procedures, court should not reach merits either). Jackson and Owens Corning are therefore entitled to dismissal of plaintiff's claims under Title VII. This ruling bars plaintiff's claim that Jackson and Owens Corning conspired to violate plaintiff's rights under Title VII, because plaintiff has failed to allege an actionable tort independent of the conspiracy. *Sprague v. Peoples State Bank*, 844 F.Supp. 662, 670 (D.Kan.1994); *Petroleum Energy, Inc. v. Mid–America Petroleum, Inc.*, 775 F.Supp. 1420, 1429 (D.Kan.1991).

### B. Failure To Plead Conspiracy With Particularity

■ As noted above, plaintiff in the pretrial order has clarified his conspiracy theory, alleging specifically that Jackson and Fisher (on the union side) conspired with Doug Healey, Kelly Keaton and Mary Roland (on behalf of Owens Corning) to "keep him terminated" on account of his race. A complaint which alleges the manner in which a conspiracy is to be carried out and the role of the defendants in the conspiracy is sufficient to withstand a motion to dismiss. *Deere & Co. v. Zahm*, 837 F.Supp. 346, 349 (D.Kan.1993). Defendants' motion on this point is overruled.

### C. Breach of the duty of fair representation

■ A union breaches its duty of fair representation to its members if its actions during negotiations with an employer are "arbitrary, discriminatory, or in bad faith." *Air Line Pilots Ass'n Intern. v. O'Neill*, 499 U.S. 65, 71, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991) [*ALPA*]. The duty of fair representation is anchored on the principle that a union's "exercise of a granted power to act in behalf of others involves the assumption toward them of a duty to exercise the power in their interest and behalf." *Steele v. Louisville &*

*N.R. Co.,* 323 U.S. 192, 202, 65 S.Ct. 226, 89 L.Ed. 173 (1944) (applying Railway Labor Act). The Supreme Court has explained that "a union owes employees a duty to represent them adequately as well as honestly and in good faith." *ALPA,* 499 U.S. at 75.

■ A six-month period of limitations, contained in section 160(b) of the NLRA, 29 U.S.C. § 160(b), applies to breach of contract/duty of fair representation actions brought by individual employees. *DelCostello v. International Broth. of Teamsters,* 462 U.S. 151, 170–71, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Lucas v. Mountain States Telephone & Telegraph,* 909 F.2d 419 (10th Cir. 1990). The six-month limitation period begins to run when the employee knows, or through the exercise of reasonable diligence, should have known of the decision or action constituting the alleged violation. *Lucas,* 909 F.2d at 420–21.

■ In a typical case, the limitations period begins to run when the employee learns or should have learned that the union has rejected or abandoned the claims plaintiff has asserted against the employer for a breach of the collective bargaining agreement. *Sutherland v. Day & Zimmerman, Inc.,* 894 F.Supp. 1488 (D.Kan.1995); *Herrera v. International Union,* 858 F.Supp. 1529 (D.Kan.1994), *aff'd,* 73 F.3d 1056 (10th Cir. 1996). From the allegations of plaintiff's complaints and attachments thereto, however, it appears that by the time of the arbitration itself, he not only should have known but did know of the decisions or actions which gave rise to his claim for breach of the duty of fair representation. Thus his claim accrued on October 18, 1996, the date of the arbitration, or at the latest on or shortly after January 3, 1997, when the arbitrator rendered his decision. In either case, because plaintiff did not file suit until July 21, 1997, his claim under § 301 was not timely filed. Any claim that defendants conspired to violate his rights under § 301 is likewise barred because, as mentioned above, plaintiff has failed to allege an actionable tort independent of the conspiracy. *Sprague v. Peoples State Bank, supra; Petroleum Energy, Inc. v. Mid–America Petroleum, Inc., supra.*

**IT IS THEREFORE ORDERED** that all claims for disability discrimination under the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq.,* be and hereby are dismissed in accord with the *Pretrial Order* (Doc. # 72) filed February 17, 1998.

**IT IS HEREBY FURTHER ORDERED** that the *Motion Of Defendant Bruce C. Jackson To Dismiss Plaintiff's October 1, 1997 Complaint* (Doc. # 33) filed October 14, 1997, be and hereby is sustained, in that the Court dismisses plaintiff's claim that defendant injured or conspired with the union to injure plaintiff under 42 U.S.C. § 2000e–5, and breached his duty of fair representation.

**IT IS HEREBY FURTHER ORDERED** that *Defendant Teamsters Local Union No. 541's Motion To Dismiss Pursuant To Federal Rules of Civil Procedure 12(b)(1) And 12(b)(6)* (Doc. # 36) filed October 24, 1997, be and hereby is sustained, in that the Court dismisses plaintiff's claim that the union injured or conspired to injure plaintiff by breaching its duty of fair representation.

**IT IS HEREBY FURTHER ORDERED** that *Defendant Owens Corning's Motion To Dismiss Amended Complaint* (Doc. # 39) filed October 24, 1997, be and hereby is sustained, in that the Court dismisses plaintiff's claim that Owens Corning injured or conspired with the union to injure plaintiff under 42 U.S.C. § 2000e–5.

**IT IS HEREBY FURTHER ORDERED** that plaintiff's *Motion Not To Dismiss* (Doc. # 48) filed December 9, 1997, except to the extent consistent with this order, be and hereby is overruled.

With these rulings, the remaining claims are (1) as to Teamsters Local Union No. 541, plaintiff's claim of race discrimination in violation of Title VII;[2] and (2) as to Owens Corning, plaintiff's claim for breach of contract.[3]

---

**2.** The Court notes that Jackson's motion argues in part that Title VII does not apply to him *or the union* because neither was an "employer" under Title VII. Because the union does not urge this

point as a ground for dismissal and it is moot as to Jackson, the Court does not further address it.

**3.** As previously noted, the pretrial order makes it clear that plaintiff does not challenge the termi-

nation decision itself. From the allegations of
plaintiff's complaint and attached exhibits, it is
not clear what other contract might be implicat-
ed. Owens Corning has not sought dismissal of
the breach of contract claim, however.