Penni L. ROBINETTE, Plaintiff,

v.

**NATIONAL CREDIT SERVICES CORP., Defendant.**

No. CIV. 00–2587–CM.

United States District Court,
D. Kansas.

Dec. 21, 2001.

**1056**

Denise M. Anderson, Kansas City, MO, Glenn B. Brown, Baty, Holm & Numrich, P.C., Kansas City, MO, Jeffrey J. Mullins, Anderson & Associates, Kansa City, MO, for plaintiff.

Robert W. McKinley, Sara J. Kagay, Lathrop & Gage, L.C., Kansas City, MO, Gregory A. Bailey, Samuel M. Matchett, King & Spaulding, Atlanta, GA, for defendant.

## MEMORANDUM AND ORDER

MURGUIA, District Judge.

Plaintiff Penni Robinette alleges in this action that defendant National Credit Services Corp. discriminated against her in violation of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This matter is before the court on defendant's motion for summary judgment (Doc. 27).

### I.   Facts[1]

Defendant operates as a collection agency for commercial creditors. Defendant's company is divided by units, with each unit serving particular creditors' accounts. Each unit is staffed by a group of collectors, who are managed by a unit manager. Both collectors and unit managers are paid an hourly rate plus commissions earned on their personal collections. Plaintiff began her employment with defendant in October 1992 as a collector. In May 1995, plaintiff was promoted to unit manager where she supervised collectors and performed collections herself.

In September 1999, plaintiff's supervisor, Patsy Delvecchio, received a written complaint about plaintiff from two collectors whom plaintiff supervised. The complaint alleged that plaintiff was hoarding certain collection files for her own use rather than distributing them to her collectors, and further identified the accounts by number. In addition, the complaint stated that plaintiff had poor interpersonal skills with her subordinates. Ms. Delvecchio and the general collections manager, Greg Wegener, investigated the allegations contained in the employee complaint by interviewing the collectors who worked under plaintiff and by pulling the collection files that had been identified in the complaint. Plaintiff, who was on funeral leave at the time, was not interviewed or given a chance to respond to the allegations.

1. The court construes the facts in the light most favorable to plaintiff as the nonmoving party pursuant to Fed.R.Civ.P. 56.

Plaintiff contends that she had approval from her immediate supervisor, Susan Clark, to work on the collections files at issue. Specifically, plaintiff asserts that she discovered that new business accounts from the Elan and Star Bank client had not been distributed to collectors and were not being worked on. According to plaintiff, she obtained approval from Ms. Clark to work on the overlooked accounts to ensure client satisfaction.

In any event, Ms. Delvecchio testified that she, Mr. Wegener, and Ms. Clark investigated the files contained in the employee complaint and concluded that plaintiff had improperly kept those accounts from her collectors for her own use. Ms. Delvecchio further testified that the interviews with plaintiff's subordinates made it clear that plaintiff had poor interpersonal skills. Ms. Delvecchio and Mr. Wegener presented the findings of their investigation to the vice president of collections, Chuck Lawrence. All three agreed that plaintiff should be demoted from unit manager to collector.

When plaintiff returned from funeral leave on September 13, 1999, she was summoned to a meeting with Ms. Delvecchio and Ms. Clark. At the meeting, plaintiff was told about the complaint against her and informed that the allegations had been substantiated and that, as a result, she was being demoted to collector. Plaintiff claims that she was told she could either accept the demotion or resign. At that time, no change in pay was discussed. Plaintiff stated that she wanted some time off to consider her options. On September 17, 1999, plaintiff faxed a letter to defendant stating that she was not willing to accept the demotion, that she did not voluntarily agree to resign, that she and the company were at "an impass(sic)," and that she would be in to collect her personal belongings. Plaintiff was forty-three years old at the time. Plaintiff's position was filled by another female unit manager, Kathy Pierce, who was thirty-six years old. Ms. Pierce began her employment with defendant sixteen months before plaintiff was hired.

Plaintiff filed a charge of discrimination with the EEOC on May 3, 2000. Plaintiff alleged in her complaint that her employment was terminated on September 13, 1999, and that her position was filled by a younger female with less experience, that male employees were constantly promoted over her during her employment, and that male employees who left the workplace without permission were not disciplined or reprimanded.

## II. Summary Judgment Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that stan-

dard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; see *Adler,* 144 F.3d at 671 n. 1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler,* 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

## III. Discussion

Plaintiff claims that defendant intentionally discriminated against her on the basis of her sex and age. The court applies the burden shifting framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the *McDonnell Douglas* framework, in order to survive summary judgment, the plaintiff must first establish a prima facie case of discrimina-

tion. If the plaintiff carries that burden, the defendant must then articulate a facially nondiscriminatory reason for the challenged employment action. If the defendant makes such a showing, the burden reverts to the plaintiff to prove the proffered nondiscriminatory reason is pretextual.

## A. ADEA

Plaintiff claims that she was terminated because of her age. To establish a prima facie case of age discrimination, plaintiff must show that 1) she was a member of the protected class at the time of the discharge; 2) she was performing satisfactory work; 3) she was discharged; and 4) her position was filled by a younger person. *Cone v. Longmont United Hosp. Ass'n,* 14 F.3d 526, 529 (10th Cir.1994).

Plaintiff satisfies the first element. In September 1999, plaintiff had just turned forty-three. Plaintiff was therefore a member of the protected class. Plaintiff also has shown that her position was filled by a younger person. At the time plaintiff was replaced, Ms. Pierce was thirty-six years old. Plaintiff has therefore satisfied the fourth element of her prima facie case.

However, with respect to the second element, whether plaintiff was satisfactorily performing her job, there exists a question of fact. Plaintiff asserts that, since her promotion to unit manager in 1995, she had received only positive feedback and she was assured that her management skills and performance were adequate. Between 1996 and 1999, plaintiff received a number of recognitions for her performance. Plaintiff further contends that, just six weeks prior to her termination, she was promoted to senior unit manager in order to teach a new, inexperienced manager her management style.

Defendant argues that, to the contrary, plaintiff engaged in misconduct and that

her performance was poor. In support, defendant points to the allegation, which defendant claims it substantiated through its investigation, that plaintiff kept certain files from her collectors so she could increase her own commissions. Defendant also contends that it became aware that plaintiff's interpersonal skills were poor which, defendant asserts, rendered plaintiff a poor manager. The court finds that reasonable minds could differ as to whether plaintiff was performing her job in a satisfactory manner. Thus, a question of fact remains with respect to the second element of plaintiff's prima facie case.

■ Plaintiff cannot survive summary judgment, however, because she has failed to show that she was terminated from her employment. The court finds that plaintiff was not discharged. Rather, plaintiff was offered a demotion, which plaintiff chose not to accept. While plaintiff stated in her letter of September 17 that she did not agree to voluntarily resign, that is in fact what plaintiff did. Moreover, plaintiff has not alleged that defendant's demotion constituted a constructive discharge. To establish a claim for constructive discharge, plaintiff must show that her employer "by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the [plaintiff's] position would feel compelled to resign." *Derr v. Gulf Oil Corp.,* 796 F.2d 340, 344 (10th Cir.1986). To survive summary judgment, a plaintiff must produce some evidence to demonstrate that a reasonable person would view the working conditions as intolerable. *Jeffries v. Kansas,* 147 F.3d 1220, 1233 (10th Cir.1998). There is no evidence in the record that a demotion would have subjected plaintiff to working conditions that a reasonable person would view as intolerable. For this reason, plaintiff's age discrimination claim fails as a matter of law.

■ Even assuming plaintiff could establish that her employment was terminated, defendant is entitled to summary judgment. Following the *McDonnell Douglas* framework, the burden shifts to the defendant to articulate a nondiscriminatory reason for plaintiff's discharge. Defendant's proffered reason is that plaintiff engaged in misconduct and lacked interpersonal skills which, in turn, negatively affected plaintiff's subordinates. Thus the defendant having articulated legitimate, nondiscriminatory reasons, the burden reverts to plaintiff to prove the proffered nondiscriminatory reasons are pretextual.

To establish pretext, plaintiff must show either that defendant's discharge decision was more likely motivated by plaintiff's age or that defendant's proffered explanations for its decision are unworthy of credence. *Munoz v. St. Mary–Corwin Hosp.,* 221 F.3d 1160, 1167 (10th Cir.2000). Evidence of pretext may include, but is not limited to, the following: prior treatment of plaintiff, the employer's policy and practice regarding minority employment (including statistical data), disturbing procedural irregularities (e.g., falsifying or manipulating criteria), and the use of subjective criteria. *Simms v. Oklahoma ex rel. Dep't of Mental Health and Substance Abuse Servs.,* 165 F.3d 1321, 1328 (10th Cir.1999). A prima facie case of discrimination, coupled with sufficient evidence of pretext, is sufficient as a matter of law to show intentional discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 147–48, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).

Even viewing the facts in the light most favorable to the nonmoving party, the court finds that plaintiff has failed to establish pretext. Not only has plaintiff failed to present any evidence of pretext, but she also has failed to come forward with any evidence that her age was a

determinative factor in defendant's decision. There simply exists no evidence in the record suggesting age animus. In fact, the court notes that one of the decision-makers, Mr. Lawrence, was nearly sixty at the time. Some courts hold that where the decision-maker is older than the plaintiff, this fact creates an inference that the decision-maker did not make the adverse decision because of the plaintiff's protected class. See *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 658 (5th Cir.1996); *Mills v. First Fed. Sav. & Loan Ass'n of Belvidere*, 83 F.3d 833, 842 (7th Cir.1996). Viewing the evidence in the light most favorable to plaintiff, even if plaintiff could establish a prima facie case, her evidence of pretext is insufficient, as a matter of law, to allow a reasonable fact finder to infer intentional discrimination based on age.

### B. Title VII

Plaintiff claims that she was subjected to different terms and conditions of her employment based on her gender. In her complaint, plaintiff alleged that she was terminated while a less qualified male was retained, that male employees who left the workplace were not disciplined, and that less qualified male employees were promoted over her and offered positions with higher levels of compensation without posting available openings. However, in response to defendant's summary judgment motion, plaintiff's only allegation of disparate treatment was that she was not given the same opportunity as a male employee to answer the complaint about her improper handling of files. The court will address each allegation plaintiff has made to date.

### 1. Opportunity to Answer Complaint

Plaintiff claims that she was not allowed to explain herself during the investigation of the complaint about her mishandling of files. Specifically, plaintiff contends that Craig Laessig, a male in his twenties, was afforded an opportunity to give an explanation when he was accused of keeping collection files for his own use. Apparently, when Mr. Laessig was questioned about his conduct, he lied. As a result, Mr. Laessig was demoted from unit manager to collector.

The court lacks jurisdiction to entertain a Title VII claim not previously filed with the EEOC. *Seymore v. Shawver & Sons, Inc.*, 111 F.3d 794, 799 (10th Cir.1997). However, claims that are reasonably related to claims included in the EEOC charge may be asserted. *Harrell v. Spangler*, 957 F.Supp. 1215, 1219 (D.Kan.1997). The purpose of the exhaustion requirement is to provide notice of the alleged violation to the charged party and give the agency information which it needs to investigate and resolve the dispute between the employer and the employee. *Seymore*, 111 F.3d at 799.

In this case, plaintiff never asserted a claim, either in her EEOC complaint or in the complaint filed in this lawsuit, that a younger male employee was given an opportunity to explain his conduct. Plaintiff's allegations in her EEOC complaint and her complaint in this lawsuit are that: 1) she was replaced by a younger female employee with less experience; 2) another male manager was retained as a unit collections manager even though he was less experienced and was not performing at the same level as plaintiff; 3) male employees with less experience and worse performance were promoted over plaintiff; 4) less qualified male employees were offered positions with higher levels of compensation without posting the positions or offering the positions to plaintiff; and 5) male employees who left the workplace without permission were not disciplined, reprimanded, or demoted. Until plaintiff responded to defendant's summary judgment

motion, there existed no allegation that defendant discriminated against plaintiff by denying her an opportunity to explain her conduct. Moreover, the court finds that such a allegation is not reasonably related to those claims plaintiff set forth in either complaint. Accordingly, the court concludes that it lacks jurisdiction over this particular claim.

## 2. Male Manager Retained

■ In her deposition, plaintiff identified John Tucker as the male unit manager she alleges was retained by defendant even though he had less experience and was performing at a lower level than she. Under Title VII, a disparate treatment claim requires the plaintiff to show, as part of her prima facie case, that her employer treats one or more employees less favorably because of their sex. Specifically, plaintiff must establish that: 1) she belonged to the protected class; 2) she was adversely affected by the employment decision; 3) she was qualified for her position; and 4) she was treated less favorably than her similarly situated male counterparts. *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1380 (10th Cir.1994). It is plaintiff's burden to demonstrate that she is similarly situated to her male counterparts. *Sorensen v. City of Aurora*, 984 F.2d 349, 353 (10th Cir.1993).

Plaintiff cannot compare her demotion to defendant's decision to retain Mr. Tucker because it is undisputed that Mr. Tucker did not receive complaints from his subordinates alleging that he had hoarded files and that he had poor interpersonal skills. Thus, plaintiff is not similarly situated to Mr. Tucker because Mr. Tucker did not engage in the same misconduct that served as the basis for plaintiff's adverse employment action. *Bellairs v. Coors Brewing Co.*, 907 F.Supp. 1448, 1458 (D.Colo.1995). Additionally, plaintiff was replaced by a woman, Ms. Pierce. It is counterintuitive to assert that defendant

discriminated against plaintiff on the basis of her gender when it chose a female to replace her. Defendant is entitled to summary judgment on this claim.

## 3. Leaving the Workplace

■ Plaintiff contends that she was discriminated against because male employees left the workplace without permission but were never disciplined. However, it is undisputed that plaintiff was never disciplined for leaving the workplace. Thus, plaintiff has failed to put forth evidence of a materially adverse change in the terms, conditions, or privileges of her employment. Absent adverse employment action, plaintiff cannot establish a prima facie case of disparate treatment. *Robleado v. Deffenbaugh Indus., Inc.*, 136 F.Supp.2d 1179, 1190 (D.Kan.2001).

## 4. Promotions

Plaintiff alleges that male employees were promoted over her and that defendant offered them positions with higher levels of compensation without posting available openings. In her deposition, plaintiff identified four males whom she claims were promoted over her: 1) Phil Reyburn, who was promoted to collection manager in 1998; 2) Brian Hogsett, who was promoted to the position of trainer in April 1999; 3) Sean Dickson, who was hired from outside the company for the position of general collection manager in February 1999; and 4) Kent McCoy, who was promoted to general collections manager in January 1999.

■ Exhaustion of administrative remedies is a prerequisite to instituting a Title VII action in federal court. *Khader v. Aspin*, 1 F.3d 968, 970 (10th Cir.1993). A complainant must file a charge with the appropriate state or local agency, or have the EEOC refer the charge to that agency, within 240 days of the alleged discriminatory event to ensure that the claim may be

filed with the EEOC within the 300–day limit set forth in Title VII. *E.E.O.C. v. Commercial Office Prods. Co.*, 486 U.S. 107, 110, 108 S.Ct. 1666, 100 L.Ed.2d 96 (1988); *Waller v. Consol. Freightways Corp.*, 767 F.Supp. 1548, 1558 (D.Kan. 1991). In a deferral state such as Kansas, a plaintiff must file Title VII discrimination charges within 300 days after the alleged discriminatory act occurred. *Peterson v. City of Wichita*, 888 F.2d 1307, 1308 (10th Cir.1989).

In this case, plaintiff filed her charge of discrimination with the EEOC on May 3, 2000. Accordingly, plaintiff is barred from asserting claims for acts which occurred prior to July 7, 1999. Each promotion about which plaintiff complains occurred prior to July 7, 1999. Because plaintiff failed to file a charge of discrimination within 300 days of those promotions, her Title VII claim is barred for failure to exhaust administrative remedies. Summary judgment is granted on this claim.

**IT IS THEREFORE ORDERED** that defendant's motion for summary judgment (Doc. 27) is granted in its entirety. This case is hereby dismissed.