**Annie LUMPKIN, Angela Roach, Sheila Ann Scott, and Alexander Thomas, Plaintiffs,**

**v.**

**E.I. DU PONT DE NEMOURS & CO., Defendant.**

Civ. A. No. 93–106–ATH(DF).

United States District Court, M.D. Georgia, Athens Division.

April 7, 1995.

Joseph Calhoun Nelson, III, Sujata Gupta Winfield, Athens, GA, for plaintiffs.

Gardner G. Courson, Allen W. Groves, Atlanta, GA, for defendant.

## ORDER

FITZPATRICK, Chief Judge.

Before the court are Defendant's motion to strike Plaintiffs' class allegations and motion for a protective order. On June 9, 1994, this court entered an order commencing discovery on the issue of class certification. Defendants have deposed the four named Plaintiffs, and Plaintiffs have responded to Defendant's discovery requests. Based on Plaintiffs' depositions and answers to discovery, Defendant moves to strike Plaintiffs' class allegations. Defendant makes this motion prior to responding to the discovery served on it by Plaintiffs. In the event the court denies class certification, Defendant also moves for a protective order limiting the scope of the class-wide discovery. Plaintiffs contend that a determination of class certification is premature at this time since Defendant has not yet submitted discovery responses. To Plaintiffs, the key to determining the appropriateness of pursuing a class action is contained in Defendant's responses.

■ A class action is appropriate only if: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or de-fenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). The district court must determine whether a class action is to be maintained "as soon as practicable". Fed.R.Civ.P. 23(c)(1). The court may alter its determination if it appears unsound after a fuller development of the facts. Rule 23(c)(1) advisory committee's note.

■ Defendant urges the court to deny certification based solely on Plaintiffs' pleadings and discovery responses and prior to providing any discovery responses itself. "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *General Tele. Co. of Southwest v. Falcon,* 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). "Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of [Rule 23] are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger,* 767 F.2d. 1416, 1424 (9th Cir.1985). The district court may exercise discretion in making class action determinations. *Walker v. Jim Dandy Co.,* 747 F.2d 1360, 1363 (11th Cir.1984). Having reviewed the record in this case, the court is convinced that awaiting further discovery will only cause needless delay and expense. The record fails to show any basis for further pursuit of a class action.

■ First, the questions of law and fact underlying Plaintiffs' claims do not meet the commonality requirements of Rule 23(a)(2). This court held a hearing on Defendant's motion to strike on March 29, 1995. At the hearing, Plaintiffs' counsel represented that no claims predate December 6, 1991, and that the class members share a common legal theory under The Civil Rights Act of 1991. Additionally, Plaintiffs' counsel represented that the heart of the action is an allegation

that DuPont does not promote blacks into better jobs. The only company-wide policy relevant to this issue is DuPont's policy of testing and not disclosing test results. However, none of the named Plaintiffs have taken a promotion qualification test since 1989. Thus, they cannot adequately represent a class of blacks who were not promoted during the limitation period since December 6, 1991.

■ In analyzing the factual allegations in the record, the court can only conclude that Plaintiffs' claims do not meet the requirements of commonality contemplated by the class action rules. Commonality requires that generalized proof will be applicable to the class as a whole. *Nichols v. Mobile Board of Realtors, Inc.,* 675 F.2d 671, 676 (5th Cir.1982). Although Plaintiffs share the common position of being present employees of DuPont, their allegations are discrete and individualized. They are employed in different departments, supervised by different people, work different shifts and are at different levels within the company hierarchy. Their grievances are not susceptible to generalized proof or defenses. For example, Plaintiff Roach's chief complaint is that she is discriminated against by management's treatment of her absences due to illness. The crux of Plaintiff Lumpkin's allegations are that she was discriminatorily demoted and received unfair vacation and disability treatment. Plaintiff Thomas makes wholesale allegations regarding promotion and transfer opportunities and disciplinary procedures. Finally, Plaintiff Scott contends that blacks are assigned to inferior equipment and are more closely scrutinized than white employees.

Plaintiffs do not point to a policy or an institution-wide practice. *Compare Appleyard v. Wallace,* 754 F.2d 955 (11th Cir. 1985). Instead, they direct their grievances toward particular supervisors. (See Lumpkin Depo. at p. 124, Scott Depo. at p. 131, Thomas Depo. at 137, 139). Similarly, allegations of demotions and denied promotions involve different decisionmakers. (Lumpkin Depo. at p. 112, Scott Depo. at p. 99). Plaintiffs' allegations regarding training are likewise individualized and lack the required nexus linking them to the class. Whatever likeness other class members have to these claims, they clearly do not predominate over the individual questions of law or fact.

■ In addition, Plaintiffs have made no showing that their claims or defenses are typical of those in the class. To the contrary, at least two other suits have been filed by employees of the DuPont plant in Athens. Typicality means that the representatives' claims have the "same essential characteristics as the claims of the class at large." *De La Fuente v. Stokely–Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir.1983). The claims must arise out of the same event, practice, or course of conduct and the claims must be based on the same legal theories. *Id.* The separate filing of related cases certainly negates the proposition that Plaintiffs represent typical claims and defenses of all DuPont employees. These other suits also call into question Plaintiffs' ability to adequately represent the interests of other class members, which is the fourth requirement they must satisfy. The right and desire of other potential plaintiffs to control their own litigation and pursue independent actions are important considerations which defeat the propriety of class certification. Furthermore, Plaintiff has produced no evidence satisfying the court that the proposed class is too numerous for joinder.

Though relatively early in the discovery stage of litigation, the time is right to deny class certification. Plaintiff has produced no evidence to satisfy the court that any of the factors required for a class action are present. Furthermore, other than counsel's belief that Defendant's database may verify a class-wide discriminatory animus, Plaintiffs have set forth no showing that further discovery will substantiate the class action. Accordingly, Defendant's motion to strike Plaintiffs' class allegations and for a protective order are hereby **GRANTED.** If it becomes apparent that the issue of class certification needs redressing, the court will use its discretion in modifying this decision.

SO ORDERED.