**Jerry STUBBS, Individually and on behalf of others similarly situated, Plaintiff,**

v.

**McDONALD'S CORPORATION, Defendant.**

No. 04–2164–GTV.

United States District Court, D. Kansas.

Nov. 12, 2004.

David W. Edgar, John F. Edgar, Edgar Law Firm, LLC, Kansas City, MO, for Plaintiff.

Robert W. McKinley, Brian N. Woolley, Lathrop & Gage, Kansas City, MO, Jeremy J. Glenn, Peter Petrakis, Paul R. Garry, Meckler Bulger & Tilson, LLP, Chicago, IL, for Defendant.

### MEMORANDUM AND ORDER

VANBEBBER, Senior District Judge.

Plaintiff Jerry Stubbs brings this putative class action for employment discrimination against his former employer, Defendant McDonald's Corporation. Plaintiff, an African-American man, claims that he was forced to resign after it became apparent that he would not be promoted because of his race. He brings claims pursuant to Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Civil Rights Act of 1871 as amended in 1991, 42 U.S.C. § 1981 ("Section 1981") for failure to promote, constructive discharge, hostile work environment, pay disparity, failure to hire, and "terms and conditions" of employment.

Defendant originally filed a motion to dismiss and strike class allegations (Doc. 2), and Plaintiff filed an amended complaint. Based on the amended complaint, Defendant filed a second motion to dismiss and strike class allegations (Doc. 18). The court denies Defendant's first motion as moot (Doc. 2), but grants Defendant's second motion in part and denies it in part (Doc. 18). Plaintiff may pursue his individual Title VII claims for failure to promote and constructive discharge. He may pursue his individual § 1981 claims for failure to promote, constructive discharge, hostile work environment, and pay disparity. The court dismisses Plaintiff's other claims and strikes Plaintiff's class action allegations.

## I. STANDARD FOR JUDGMENT

Defendant moves to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

## II. FACTUAL BACKGROUND

The following facts are based upon the allegations in Plaintiff's amended complaint.

Plaintiff Jerry Stubbs is an African–American man who was hired as a Second Assistant Manager at a McDonald's restaurant in Kansas City, Kansas in 1996. Plaintiff also worked at three McDonald's restaurants in Johnson County, Kansas before he resigned in January 2003.

Plaintiff claims that he was never promoted to First Assistant Manager or Store Manager, despite seven years of good and loyal service. Plaintiff repeatedly saw Caucasian employees promoted above him. Mr. Stubbs claims that a Caucasian Assistant Manager who requested a transfer to a Kansas City, Missouri restaurant was informed that he was "the wrong color" to work at that store. He also claims that when he complained about his lack of promotion, management suggested that his prospects for promotion would be better if he volunteered to be trans-ferred to an inner-city store on Prospect Avenue in Kansas City, Missouri. At one point, McDonald's stated that "we don't need any more black managers in Johnson County."

Plaintiff claims that the Second Assistant Manager position was an undesirable management position, and received the least attractive shifts and duties. He claims that he and other African–American employees received comparably lower compensation than similarly-situated Caucasian employees, and that McDonald's has a pattern or practice of discriminatory treatment of African–Americans. According to Plaintiff, the hostile work environment at McDonald's was so intolerable that he was constructively discharged.

Plaintiff claims that Defendant engaged in a pattern or practice of discrimination. He seeks to represent a class of "all African–American persons currently employed by Defendant McDonald's and who were employed at any time since 1996 at McDonald's restaurants owned and/or operated by McDonald's Corporation."

## III. DISCUSSION

### A. Title VII Claims

#### 1. Failure to Exhaust Administrative Remedies

Before bringing a Title VII action, a plaintiff must exhaust his or her administrative remedies. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir.1997) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir.1996)). Specifically, a plaintiff must file an administrative charge with the Equal Employment Opportunity Commission. The purpose of this prerequisite is to ensure that employers have notice of the charges and to provide employers with an opportunity to voluntarily alter any illegal behavior. *See Aguirre v. McCaw RCC Communications, Inc.*, 923 F.Supp. 1431, 1433 (D.Kan.1996). After a plaintiff has complied with this administrative requirement, he or she may file suit. "The suit may include allegations of discrimination reasonably related to the allegations listed in the administrative charge, including new acts occurring during the pendency of the administrative

charge." *Aramburu,* 112 F.3d at 1411 (citing *Brown v. Hartshorne Pub. Sch. Dist. No. 1,* 864 F.2d 680, 682 (10th Cir.1988)). But courts will disregard allegations not "reasonably related" to the listed allegations; to allow consideration " 'would circumvent the administrative agency's investigatory and conciliatory role as well as deprive the charged party [of] notice of the charge.' " *Smith v. Bd. of Pub. Utils.,* 38 F.Supp.2d 1272, 1284 (D.Kan.1999) (quoting *Harrell v. Spangler, Inc.,* 957 F.Supp. 1215, 1219 (D.Kan.1997)) (internal quotation marks and citation omitted). "[W]here a retaliatory act occurs prior to the filing of a charge and the employee fails to allege the retaliatory act or a retaliation claim in the subsequent charge, the retaliatory act ordinarily will not reasonably relate to the charge." *Seymore v. Shawver & Sons. Inc.,* 111 F.3d 794, 799 (10th Cir.1997). Simply stated, the EEOC charge defines the scope of a plaintiff's claims in court.

■ In the instant case, Plaintiff filed an EEOC charge that alleged discriminatory promotion practices and constructive discharge. In pertinent part, his charge states:

> During my employment with Mc-Donald's, I was repeatedly promised advancement and promotion. My evaluations were never negative. Despite the promises for promotion, I was never given a promotion. Rather, on numerous occasions, white employees with considerably less time and experience with McDonald's were promoted over me to jobs with better pay. Moreover, there was at least one refer[e]nce by a supervisor that another white employee was "the wrong color" to work at a largely minority area in Kansas City, Missouri.
>
> Finally, I realized that because of my race/color, I would not be promoted. I was forced to submit my resignation from McDonald's rather than continuing to suffer from discrimination by McDonald's in my advancement. . . .

The EEOC charge does not contemplate claims of hostile work environment, failure to hire, pay disparity, or discriminatory terms and conditions. Moreover, those claims are not reasonably related to the two claims

Plaintiff did mention in the charge, failure to promote and constructive discharge. *See Aramburu,* 112 F.3d at 1409–10 (holding that hostile work environment claim was not reasonably related to wrongful discharge claim); *Archuleta v. Colo. Dep't of Insts.,* 936 F.2d 483, 488 (10th Cir.1991) (holding that claims of sexual harassment and pregnancy discrimination were not reasonably related to discharge claim); *Smith,* 38 F.Supp.2d at 1284–85 (holding that claims concerning discriminatory job assignments were not reasonably related to failure to promote claim). The court therefore dismisses all of Plaintiff's individual Title VII claims except the two that have been administratively exhausted: his claims for failure to promote and constructive discharge.

### 2. *Failure to Promote and Constructive Discharge*

Plaintiff has adequately alleged claims for failure to promote and constructive discharge in his amended complaint. To ultimately prevail on his failure to promote claim, Plaintiff will have to show that (1) he belongs to a minority group; (2) he was qualified for promotion; (3) he was not promoted; and (4) the position remained open or was filled by a non-minority person. *Amro v. Boeing Co.,* 232 F.3d 790, 797 (10th Cir.2000). For his constructive discharge claim, Plaintiff will have to " 'produce evidence that the employer by its illegal discriminatory acts has made working conditions so difficult that a reasonable person in the employee's position would feel compelled to resign.' " *Penry v. Fed. Home Loan Bank,* 155 F.3d 1257, 1264 (10th Cir.1998) (citation omitted).

■ Plaintiff claims that he was initially employed by Defendant as a "Second Assistant Manager." He claims that he was told that no more black managers were needed in the predominately Caucasian community in which he worked, and that management offered him a better chance at promotion if he would transfer to an inner-city location. According to Plaintiff's amended complaint, during his seven years of service, he never received a negative evaluation, he attempted to complete a required training workbook for promotion but was forced to start over for

each new restaurant manager, and he witnessed other non-minority employees receive promotions after less time in Defendant's employ. He claims that advancement was impossible because of his race, and that this realization caused him to resign. These allegations are sufficient to withstand a Rule 12(b)(6) motion to dismiss.

### B. Section 1981 Claims

#### 1. Failure to Promote and Constructive Discharge

For the same reasons Plaintiff's Title VII failure to promote and constructive discharge claims survive Defendant's motion to dismiss, Plaintiff's § 1981 claims also survive the motion. A plaintiff is not required to plead an independent factual basis apart from his Title VII claims. *Delatorre v. Minner*, No. 01–4065–SAC, 2002 WL 226383, at *4 (D.Kan. Jan. 14, 2002) (citing *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 858–59 (10th Cir. 2000)).

#### 2. Hostile Work Environment

■ To ultimately prevail on a hostile work environment claim, a plaintiff must establish that (1) harassment was pervasive or severe enough to alter the terms, conditions, or privileges of employment, and (2) such harassment was racially oriented. *Witt v. Roadway Express*, 136 F.3d 1424, 1432 (10th Cir.1998) (citation omitted). Pervasiveness and severeness are distinct standards with different meanings. *Id.* Under the pervasiveness standard, a "plaintiff must show more than a few isolated incidents of racial enmity." *Id.* A plaintiff must instead show "a steady barrage of opprobrious racial comments." *Id.* On the other hand, only one or a few incidents could violate § 1981 if severe enough to alter employment conditions and create an abusive environment. *Id.*

Although the "hostile work environment" section of Plaintiff's amended complaint is virtually bare of relevant factual allegations, elsewhere Plaintiff alleges that management told him they did not "need any more black managers in Johnson County," a predominately Caucasian community. Plaintiff also alleges that he was told of better chances for advancement in the inner city, and that he was forced to repeat training exercises each time a new restaurant manager arrived. He claims that management ignored his attempts to express frustration over these practices. At this stage of the litigation, the court concludes that Plaintiff's allegations are adequate to survive a motion to dismiss.

#### 3. Pay Disparity

■ To satisfy his initial burden for wage discrimination, a plaintiff must show that "he was paid less, or given a lesser raise, than other similarly situated non-protected class employees." *Amro*, 232 F.3d at 798 (citation omitted). Plaintiff has made allegations that satisfy this burden at this stage of the case.

In his amended complaint, Plaintiff alleges that Defendant pays its African–American employees less than it pays its Caucasian employees in similar or comparable jobs. He further alleges that Defendant maintains lower starting salaries, among other forms of compensation, for its African–American employees. Plaintiff was, he claims, one of many victims of these pay disparities, resulting in less pay over his seven years with Defendant. Accepting Plaintiff's allegations as true, the court concludes that he has adequately pleaded a cause of action for pay disparity.

#### 4. Failure to Hire

A necessary element of a failure to hire claim is that a plaintiff was rejected from a position for which he applied and was qualified. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Plaintiff has not, and cannot, allege that Defendant failed to hire him. Rather, Plaintiff only claims that Defendant failed to hire him for a higher management position. This claim is duplicative of Plaintiff's failure to promote claim, and the court dismisses it.

#### 5. Terms and Conditions

Although Plaintiff claims discrimination in "job terms and conditions different than those of similarly situated [C]aucasian employees," he makes no factual allegations to support such claim. This claim appears to

encompass all of Plaintiff's other claims, and the court dismisses it as duplicative.

### C. Class Action Allegations

Plaintiff rests his class action allegations on the same six theories identified above—Title VII and § 1981 claims for failure to promote, constructive discharge, hostile work environment, pay disparity, failure to hire, and terms and conditions of employment. Defendant asks the court to strike the allegations because they cannot meet the requirements of Fed.R.Civ.P. 23. The court agrees.

The class action is "designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Gen Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 155, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982) (citation omitted). Rule 23(c)(1) of the Federal Rules of Civil Procedure reads that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Fed.R.Civ.P. 23(c)(1). The court need not wait for a motion for class certification if "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims." *Falcon,* 457 U.S. at 160, 102 S.Ct. 2364.

Federal courts have used motions to strike to test the viability of a class at the earliest pleading stage of the litigation. *See, e.g., Thompson v. Merck & Co.,* No. 01–1004, 2004 WL 62710, at *2 (E.D.Pa. Jan. 6, 2004); *Riley v. Compucom Sys., Inc.,* No. CIV. A398CV1876L, 2000 WL 343189, at *1 (N.D.Tex. Mar. 31, 2000); *Lumpkin v. E.I. Du Pont de Nemours & Co.,* 161 F.R.D. 480, 481 (M.D.Ga.1995). Rule 23 authorizes courts to enter an order "requiring that the pleadings be amended to eliminate therefrom · allegations as to representation of absent persons, and that the action proceed accordingly." Fed.R.Civ.P. 23(d)(4). The burden of showing that each element of Rule 23 has been met remains with the party seeking

class treatment, even if the opposing party raises the viability issue. *Lumpkin,* 161 F.R.D. at 481. The court should not "blindly rely on conclusory allegations which parrot Rule 23 requirements [and] ... may consider the legal and factual issues presented by [the] plaintiff's complaints." *J.B. ex rel. Hart v. Valdez,* 186 F.3d 1280, 1290 n. 7 (10th Cir.1999).

■ To have standing to sue on a class's behalf, the plaintiff must be an adequate class representative. The plaintiff must be a part of the class and "possess the same interest and suffer the same injury" as class members. *E. Tex. Motor Freight Sys. Inc. v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977) (citation omitted). A party may only sue on behalf of the class if (1) the class is too numerous to practically join all members; (2) the class shares common questions of law or fact; (3) the claims or defenses of the representative are typical of those in the class; and (4) the representative plaintiff will fairly and adequately protect class interests. Fed.R.Civ.P. 23(a).[1] "If the court determines that the prerequisites of Rule 23 are not satisfied, then the court may issue an order 'requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons.'" *Thompson,* 2004 WL 62710, at *2 (quoting Fed.R.Civ.P. 23(d)(4)).

#### 1. Standing/Adequacy of Representation

■ Plaintiff is not an adequate class representative for several of the claims in this case. He is not an adequate representative for the Title VII claims that he did not administratively exhaust—failure to hire, pay disparity, hostile work environment, and terms and conditions. *Gulley v. Orr,* 905 F.2d 1383, 1385 (10th Cir.1990) (citations omitted) ("[O]ne of the named plaintiffs must have exhausted class administrative remedies."). He is also not an adequate representative for the § 1981 claims that this court has dismissed—failure to hire and terms and conditions. *See Rodriguez,* 431 U.S. at 403, 97 S.Ct. 1891 (citation omitted); *Rector v.*

---

1. Defendant also argues that Plaintiff cannot meet the requirements of Rule 23(b), but the court need not address that argument because a

class action is not viable if the prerequisites of Rule 23(a) are not satisfied.

*City & County of Denver,* 348 F.3d 935, 942–50 (10th Cir.2003) (stating the requirements for standing and that failure to show standing causes a plaintiff to fail on the typicality requirement of Rule 23(a)).

### 2. Commonality and Typicality

Remaining for consideration are putative class Title VII and § 1981 claims for failure to promote and constructive discharge and § 1981 claims for pay disparity and hostile work environment. The court determines that class certification is also not proper on these claims. None of them have the requisite commonality or typicality under Rule 23. "Commonality and typicality 'tend to merge' with both serving 'as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" *Stambaugh v. Kansas Dep't of Corr.,* 151 F.R.D. 664, 674 n. 5 (D.Kan.1993) (quoting *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. 2364).

Plaintiff has alleged that Defendant engaged in a pattern or practice of discrimination. But "[a]fter [*Falcon* ], allegations alone of a pattern and practice of discrimination ... are inadequate to satisfy the commonality requirement." *Id.* at 675. Moreover, Plaintiff ultimately seeks certification on claims touching on numerous aspects of employment—promotion, discharge, pay, and working environment. Plaintiff wants a class named that would include all African–American McDonald's employees at all locations, potentially both domestic and foreign, since 1996. Commonality is lacking where the plaintiff seeks to represent a wide range of jobs or positions that are spread out over a large geographic area. *Betts v. Sundstrand Corp.,* No. 97C50188, 1999 WL 436579, at *6 (N.D.Ill. June 21, 1999); *Bostron v. Apfel,* 182 F.R.D. 188, 195 (D.Md.1998); *see also Hines v. Widnall,* 334 F.3d 1253, 1257–58 (11th Cir.2003) (holding that proposed class including supervisors and non-supervisory employees was too broad to meet typicality requirement).

The promotion claims necessarily will involve countless different supervisors, positions, qualifications, and experience. *See Walker v. Jim Dandy Co.,* 747 F.2d 1360, 1364–65 (11th Cir.1984) (denying class certification due to lack of typicality where class included applicants for supervisory and nonsupervisory positions); *Patterson v. Gen. Motors Corp.,* 631 F.2d 476, 481 (7th Cir. 1980). Plaintiff has also alleged that Defendant's supervisors were given discretion in making promotion decisions because positions were filled through selective training and word-of-mouth recruitment. Allegations of decentralized, individualized decision-making are fatal to Plaintiff's ability to set forth a common claim of promotion discrimination. *See Stambaugh,* 151 F.R.D. at 676.

The hostile work environment and constructive discharge claims will involve different environments and conditions. And hostile work environment claims must be judged from "both an objective and subjective perspective." *O'Shea v. Yellow Tech. Serv.,* 185 F.3d 1093, 1097 (10th Cir.1999); *see also Zapata v. IBP, Inc.,* 167 F.R.D. 147, 159 (D.Kan.1996) (holding that a hostile work environment claim based on ethnicity discrimination was not suited for a class action). The pay disparity claims will involve different pay scales, positions, and locality pay differences. Pay is also dependent on factors such as qualifications, experience, and job performance. *See Patterson,* 631 F.2d at 481.

The myriad individual considerations enumerated above convince the court that this case is not suited for a class action. *See Stambaugh,* 151 F.R.D. at 676–77 ("If the individual claim turns on particularly unique facts or circumstances or is subject to unique defenses, then the individual may not be an appropriate representative."). The claims will be neither common nor typical. The fact-intensive analysis that would be required makes a class action an improper method of adjudication in this case.

As a final note, the court acknowledges Plaintiff's citation of *Thiessen v. General Electric Capital Corp.,* 267 F.3d 1095 (10th Cir.2001) as the controlling Tenth Circuit

case on pattern or practice cases. *Thiessen* counsels that typically, the proper approach for handling pattern or practice cases is to bifurcate proceedings, first determining whether the defendant engaged in a pattern or practice of discrimination, and then determining whether each plaintiff succeeded in proving his case. 267 F.3d at 1106–07 (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977)). According to Plaintiff, because he has alleged that Defendant engaged in a pattern or practice of discrimination, his class action allegations should survive through the first part of the bifurcated proceeding described in *Thiessen*.

*Thiessen* is a case brought under the Age Discrimination in Employment Act ("ADEA"). *Id.* at 1099. Under the ADEA, class actions are appropriate where the complaining employees are "similarly situated," a standard distinct from the Rule 23 class certification requirements. *Id.* at 1105 ("Congress clearly chose not to have the Rule 23 standards apply to class actions under the ADEA, and instead adopted the 'similarly situated' standard."). The court concludes that *Thiessen* does not require that the court allow Plaintiff to proceed with his putative class action when even his pattern or practice allegations cannot satisfy the commonality and typicality inquiries. *See id.* at 1108 ("We do not hold that whenever there is evidence of a pattern-or-practice, a class must be certified.").

For the above-stated reasons, the court strikes the class allegations in Plaintiff's amended complaint pursuant to its authority in Rule 23(c) and (d)(4).

### D. *Statute of Limitations*

Defendant briefly makes the argument that some of Plaintiff's claims are time-barred by the statute of limitations. Defendant may be correct, but the court does not have enough information in the record before it to determine which of Plaintiff's claims may be barred. Although the court denies Defendant's motion on this point, Defendant may reassert the statute of limitations defense in a later motion.

### E. *"Immaterial, Impertinent, or Scandalous Matter"*

Finally, Defendant asks the court to strike three paragraphs in Plaintiff's amended complaint as "immaterial, impertinent, or scandalous matter." The court has the authority under Rule 12(f) to strike such material:

> The purpose of Rule 12(f) is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial. Although motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court. When allegations in a complaint are entirely collateral and immaterial to the underlying claims, they should be stricken.

*Geer v. Cox*, 242 F.Supp.2d 1009, 1025 (D.Kan.2003) (citations omitted). "Where there is any doubt as to whether under any circumstance an allegation may raise an issue, the motion to strike should be denied." *Id.* at 1026 (citation omitted).

Defendant asks the court to strike the following paragraphs from Plaintiff's amended complaint:

7. To maintain control over its caste system, McDonald's let it be well known among its work force that dissent against the system would be punished by transfer, dismissal or denial of promotions. Over the years as Plaintiff tried to explain his frustration over the discriminatory system, it was made clear that not only would no action [ ] be taken to correct the situation, but also Plaintiff would be "punished" for complaining to higher management. It also became apparent that the continued refusal to promote Plaintiff was based, at least in part, on the perception that he was rocking the boat by complaining. Plaintiff observed several instances in which other junior managers were fired or transferred for questioning the system.

8. Similarly, in 2002, a group of Hispanic employees at a Kansas City-area McDonald's protested the hostile work environment created by a racist manager. Shortly thereafter, an INS "raid" was permitted at the restaurant, and as a result of the INS action, and other employment actions, three weeks after the protest 12 of

the 14 participating workers were no longer McDonald's employees.

. . . .

10. In the companion class action to this case, which alleges federal labor standards violations, McDonald's has tried to intimidate witnesses against it by suggesting, through its corporate lawyers, that a non-party witness has violated some duty to McDonald's by providing testimony under oath without clearing the substance of that testimony with McDonald's lawyers first. Upon information and belief, the attempted intimidation of a witness was carried out with the permission and at the direction of McDonald's.

Defendant argues that the allegations serve no purpose other than to incite unfair prejudice against Defendant, as Plaintiff has not alleged a retaliation claim. The court agrees, and finds that the above paragraphs are both immaterial and impertinent to Plaintiff's claims. Paragraph 7 appears to be relevant only to a retaliation claim, and paragraphs 8 and 10 have nothing to do with this case. The court therefore orders them stricken from the pleadings.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendant's motion to dismiss and strike class allegations (Doc. 18) is granted in part and denied in part. Specifically, Plaintiff's Title VII individual claims for hostile work environment, failure to hire, pay disparity, and terms and conditions are dismissed. Plaintiff's § 1981 individual claims for failure to hire and terms and conditions are dismissed. Plaintiff's class action allegations and paragraphs 7, 8, and 10 are to be stricken from the pleadings, and Plaintiff is ordered to amend his allegations in accordance with this Memorandum and Order.

IT IS FURTHER ORDERED that Defendant's original motion to strike and dismiss (Doc. 2) is denied as moot.

Copies or notice of this order shall be transmitted to counsel of record.

IT IS SO ORDERED.

