Alan R. KUBANY, by his next friend and mother, Patricia A. KUBANY et al., Plaintiffs,

v.

The SCHOOL BOARD OF PINELLAS COUNTY, et al., Defendants.

No. 92–1970–CIV–T–17A.

United States District Court, M.D. Florida, Tampa Division.

July 13, 1993.

Michael Leo Kinney, Kinney, Fernandez & Boire, P.A., Tampa, FL, for plaintiffs.

William A. Kebler, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., St. Petersburg, FL, Bruce P. Taylor, Pinellas Co. School Bd., Largo, FL, Robert George Walker, Jr., Law Office of Robert G. Walker, Jr., Clearwater, FL, for defendants.

## ORDER ON MOTION TO STRIKE CLASS ACTION ALLEGATION

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant's Motion to Strike Plaintiff's class action allegation filed 19 May 1993 and for the reasons stated herein shall be **granted**.

## BACKGROUND

Plaintiff, Alan R. Kubany, a pupil within the Pinellas County School District, was suspended from school for allegedly being under the influence of alcohol while attending a school function. In response, Plaintiff filed this action against the Defendants challenging the policies and procedures which compelled his suspension. Further, Plaintiff files his claim requesting certification as a class action suit whose class consists "of 96,100 students enrolled, formerly enrolled or who may in the future be enrolled in the Public Schools of Pinellas County, Florida."

## STANDARD OF REVIEW

As to motions to strike, it is well established that "the action of striking a pleading should be used sparingly by the courts ... and should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953).

## ANALYSIS

■ Upon examination of Plaintiff's class action allegation in light of the Federal Rules of Civil Procedure, this Court finds sufficient defects in Plaintiff's pleadings to deny certification as a class action suit. Plaintiff fails to properly meet the requirements set forth in Rule 23(a)(3), Fed.R.Civ.P. Further, Plaintiff fails to satisfy the prerequisites to maintain a class action as set forth in Rule 23(b)(3). Finally, Plaintiff has not satisfied Local Rule 4.04(b), Rules of the Middle District of Florida.

Rule 23(a)(3), Fed.R.Civ.P. recites that a party may sue as a class representative only if "the claims or defenses of the representative parties are typical of the claims or defenses of the class".. Plaintiff would have had to, in this case, narrow the parameters of the class and identify with greater particularity its members within the 96,100 students which he purported composed the class which he would represent.

Rule 23(b)(3) provides that a class action may be maintained as long as the prerequisites of subsection (a) are satisfied and, in addition, "the court finds that ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy". This Court finds that the injunctive relief sought by Plaintiff can be fair-

ly and efficiently adjudicated without certification as a class action.

◼ Also, Rule 4.04(b) requires Plaintiff to file a motion for determination as a class action within ninety (90) days following the filing of the initial complaint. Further, that motion must include a **detailed** description or definition of the class. Together with that, the motion must also suggest the means of providing, and defraying the cost of the notice required by Rule 23(c)(2), Fed.R.Civ.P. Finally, Plaintiff should be aware that the general rule in class actions is that the representative plaintiff should bear the burden and cost of notice to the members of the class represented. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). The Plaintiff has failed to satisfy any and all of the requirements here set forth. Accordingly it is,

See also 755 F.Supp. 1532.

**ORDERED** that Defendants' Motion to Strike Class Action Allegations be **GRANTED.**

**DONE AND ORDERED.**