David W. BRUNER and David W. Pitchford, Plaintiffs,

v.

ANHEUSER–BUSCH, INC., Defendant.

No. 0114048CIV.

United States District Court, S.D. Florida.

June 16, 2001.

David W. Bruner, Stuart, FL, pro se.

David W. Pitchford, Stuart, FL, pro se.

Douglas Elias Ede, Salas Ede Peterson & Lage, South Miami, FL, for defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

MIDDLEBROOKS, District Judge.

THIS CAUSE comes before the Court upon Defendant Anheuser–Busch's Motion to Dismiss pursuant to F.R.C.P. 12(b)(6). Plaintiffs David W. Bruner and David W. Pitchford ("Plaintiffs") have filed the present action and seek to hold Defendant liable for the negative consequences of their own abuse of alcohol. According to Plaintiffs, "during the late 1960's and early 1970's [they] were lured to and consumed large quantities, 'Budweiser,' the King of beers, and its by-product 'ALCOHOL,' a known 'psychoactive' substance, which was produced by the Defendant, and that such consumption was thought to be safe, given the manner with which it was advertised and marketed, and the 'fraudulent' representations made by the Defendant .." (Complaint, ¶ 5.) Plaintiffs seek

$1,000,000,000 in compensatory damages and $1,000,000,000 in punitive damages for alleged personal injuries and other damages due to their incarcerations and loss of families, jobs, and income. (*Id.* at ¶¶ 8–11, 22.)

The Court has reviewed Defendant's Motion, Plaintiffs' Response, Defendant's Reply and the Complaint. Accordingly, the Court grants Defendant's Motion to Dismiss for the reasons stated herein.

## I. STANDARD

A motion to dismiss is appropriate only when it is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993). It is from this point that we begin our analysis.

## II. ANALYSIS

Plaintiffs in their Complaint allege that Defendant " 'negligently' failed to warn and 'fraudulently concealed' from the Plaintiffs and the public the negative effects of its product." (Complaint, ¶ 10.) Plaintiffs assert that Defendant "breached an 'expressed warranty' to the Plaintiffs, that being 'Budweiser,' the King of beers, and its by product 'ALCOHOL' ... was safe, to consume and was not addictive .." (*Id.* at ¶ 16.) Plaintiffs also claim that Defendant "is obligated to the Plaintiffs in

monetary damages, both compensatory, and punitive, if for no other reason, by virtue of 'strict liability'." (*Id.* at ¶ 15.)

■ The Restatement (Second) of Torts ¶ 402A states that manufacturers of products are liable when selling products that are of a "defective condition" or are "unreasonably dangerous." A product is defective when it "is, at the time it leaves the seller's hands, in a condition not contemplated by the ultimate consumer, but which will be unreasonably dangerous to him." *Rest.Sec. Torts § 402A, comment (g)*. Comment (i) explains in pertinent part the "unreasonable dangerous" criterion as follows:

> Many products cannot possibly be made entirely safe for all consumption, and any food or drug necessarily involves some risk of harm, if only from overconsumption ... The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics. Good whiskey is not unreasonably dangerous merely because it will make some people drunk, and is especially dangerous to alcoholics; but bad whiskey containing a dangerous amount of fusel oil, is unreasonably dangerous ..

*Id.* Florida courts have recognized that the dangers of alcohol abuse are common knowledge and therefore this product is not considered unreasonably dangerous as defined by the Restatement (Second) of Torts. *See Victory Over Addiction International Inc., v. American Brands, Inc.,* No. 97–14489–Civ–Ryskamp, February 4, 1998 Omnibus Order (noting the acceptance of the comments following the Restatement (Second) of Torts § 402A across jurisdictions, the "universal recognition of all potential dangers associated with alcohol," and holding defendants owed not duty to plaintiffs regarding the well recognized properties of their products).

In a similar case as the present action. *Overton v. Anheuser–Busch Co.,* 205 Mich. App. 259, 517 N.W.2d 308 (1994), the plaintiff filed an action against defendant claiming defendant had violated Michigan's pricing and advertising act ("PAA") by placing before the public advertisements for its products that contained " 'statements and/or representations which [were] untrue, deceptive, and/or misleading'." *Id.* at 309. As a result, plaintiff argued, he and the general public were led to consume products that "defendant knew were dangerous and likely to cause serious health problems, including addiction and death." *Id.* The court concluded that "defendant had no duty under the PAA or the common law to disclose the dangers in the consumption of beer." *Id.* At 310. The court noted that the dangers inherent in alcohol consumption are well known to the public and therefore nothing material was concealed. *Id.*

■ As noted above, Plaintiffs claim that Defendants should be held strictly liable for the injuries they have suffered. The doctrine of strict liability as stated by the Restatement (Second) of Torts § 402A, has been adopted in Florida. *See West v. Caterpillar Tractor Company, Inc.,* 336 So.2d 80, 87 (Fla.1976). Accordingly, to satisfy the prima facie elements of a strict products liability claim against a manufacturer, a "user must establish the manufacturer's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate causal connection between such condition and the user's injuries or damages." *Id.* In this case, Plaintiffs cannot meet the prerequisites in establishing a products liability claim since beer is not considered an "unreasonably dangerous" product. Tradi-

tionally, courts have recognized that although there are dangers involved in the use of alcoholic beverages, because of the common knowledge of these dangers, the product is not considered unreasonably safe. *See Victory Over Addiction Intl, Inc.* at 4 (citing *Garrison v. Heublein, Inc.,* 673 F.2d 189 (7th Cir.1982)); *see also Le Moine v. Spicer,* 146 Fla. 758, 1 So.2d 730 (1941) (noting that "[i]t is also recognized by science and is accepted as true by the public that drunkenness incapacitates one mentally and physically for efficient performance of any duties involving responsibility and trust as well as for social association"); *Joseph E. Seagram & Sons, Inc., et al. v. McGuire,* 814 S.W.2d 385 (Tex.1991) ("From ancient times, the danger of alcoholism from prolonged and excessive consumption of alcoholic beverages has been widely known and recognized."); *Greif v. Anheuser–Busch Companies, Inc.,* 114 F.Supp.2d 100, (D.Conn.2000).

 Plaintiffs also assert that as a result of Defendant's product, they have suffered personal injuries; "the Plaintiffs have been caused not to achieve their maximum potential and station in life." (Complaint, ¶ 10.) They also claim that Defendant's product has caused them to lose their families and has diminished their ability to reason and think. (*Id.* at ¶ 9.) In Florida, however, voluntary drinking of alcohol is the proximate cause of an injury, rather than the manufacture or sale of those intoxicating beverages to that person. *See Barnes v. B.K. Credit Service,* 461 So.2d 217 (Fla. 1st DCA 1984) (holding that "the law in Florida echoes the common law [where] no cause of action existed against one furnishing alcoholic beverages in favor of those injured by the intoxication of the person so furnished, the reason generally given for this rule being that voluntary drinking of the alcohol, not the furnishing of it, was the proximate cause of the injury.") (citing Annot., 97 A.L.R.3d 528 (1980); 45 Am.Jur.2d *Intoxicating Liquor* § 553 (1969)).

Upon review of the Complaint and the foregoing discussion, this Court finds that Plaintiffs have failed to effectively plead any claim upon which relief may be granted. Accordingly, it is hereby

ORDERED and ADJUDGED that Defendant's Motion to Dismiss, filed on April 4, 2001, is GRANTED and this case is therefore DISMISSED. It is further

ORDERED and ADJUDGED that the Clerk of Court shall enter this case CLOSED and DENY any and all pending motions AS MOOT.