[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 11, 2008
THOMAS K. KAHN
CLERK

No. 08-11413
Non-Argument Calendar
_____

D. C. Docket No. 08-00187-CV-ORL-19-DAB

ROBERT M COBB,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
COUNTY OF BREVARD ,
CHARLIE CRIST,
FLORIDA PROBATION COMMISSION,
MONICA DAVIS,
Chairperson, Fla. Probation Commission,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 11, 2008)

Before TJOFLAT, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Robert Cobb, a prisoner, appeals the dismissal of his pro se civil rights action brought pursuant to 42 U.S.C. § 1983. On appeal, he argues the district court erred in sua sponte dismissing his complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1). Cobb asserts his complaint is not barred by Heck v. Humphreys, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), because his challenge is to the process used by the State of Florida to determine whether he violated his probation, not the validity of his probation revocation.

This court reviews a district court's sua sponte dismissal of a suit for failure to state a claim for relief under § 1915A(b)(1) de novo. Harden v. Pataki, 320 F.3d 1289, 1292 (11th Cir. 2003). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007); see also Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts, 495 F.3d at 1295 (quoting Twombly, 127 S. Ct. at 1965). This rule does not "impose a probability requirement at the pleading stage."

2

Twombly, 127 S. Ct. at 1965. Instead, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the required element. Id. "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'" Watts, 495 F.3d at 1296 (quoting Twombly, 127 S. Ct. at 1965). In reviewing the dismissal of a complaint under the 28 U.S.C. § 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

A plaintiff cannot win relief under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck 512 U.S. at 487, 114 S.Ct. at 2372; see Abella v. Rubino, 63 F.3d 1063, 1064-1065 (11th Cir. 1995) (holding, in an action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), that plaintiff's argument that the defendants fabricated testimony was barred under Heck because "[j]udgment in favor of Abella on these claims would necessarily imply the invalidity of his conviction." (quotation omitted)). A plaintiff may only proceed after showing "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

3

question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87, 114 S.Ct. at 2372. However, the plaintiff may proceed under § 1983 when "the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff . . . in the absence of some other bar to the suit." Id., 114 S.Ct. at 2372-73; see Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (explaining that "an illegal search or arrest may be followed by a valid conviction, [and therefore] a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction.").

Upon review of the district court record and Cobb's brief, we discern no error. The district court correctly dismissed Cobb's complaint because the necessary implication of a grant of relief would be that Cobb's probation revocation is invalid. Accordingly, we affirm.

**AFFIRMED**