**Robin GILL–SAMUEL, Plaintiff,**

v.

**NOVA BIOMEDICAL CORPORATION, Defendant.**

No. 13–62591–CIV.

United States District Court, S.D. Florida.

Signed April 8, 2014.

Filed April 9, 2014.

Jordan Matthew Lewis, Kelley Uustal, PLC, Ft. Lauderdale, FL, for Plaintiff.

David D. Yeagley, Ulmer & Berne LLP, Cleveland, OH, James D. Murdock II, Steven Young Leinicke, Wicker Smith Tutan O'Hara McCoy Graham & Ford, Fort Lauderdale, FL, Megan B. Gramke, Paul J. Cosgrove, Ulmer & Berne LLP, Cincinnati, OH, for Defendant.

## ORDER GRANTING IN PART AND DE-NYING IN PART MOTION TO DIS-MISS, AND DENYING MOTION TO STRIKE CLASS ACTION ALLEGA-TIONS

ROBIN S. ROSENBAUM, District Judge.

This cause is before the Court upon Defendant Nova Biomedical Corporation's Motion to Dismiss [ECF No. 8] and Motion to Strike Class Action Allegations [ECF No. 9]. The Court has reviewed the Motions, all supporting and opposing filings, and the record in this case. For the reasons set forth below, the Court grants in part and denies in part Nova's Motion to Dismiss and denies Nova's Motion to Strike Class Action Allegations.

### BACKGROUND

On November 27, 2013, Plaintiff Robin Gill–Samuel's state-court Class Action Complaint was removed to this Court. *See* ECF No. 1. Plaintiff's Complaint brings claims of product liability and negligence against Defendant Nova Biomedical Corporation ("Nova"), a manufacturer of prescription blood-glucose test strips. ECF No. 1–1 at 5–8, ¶¶ 25–38. Nova announced a voluntary recall of 62 million of its test strips on July 29, 2013. *Id.* at ¶ 2. The recalled test strips are alleged to have reported abnormally high blood-glucose readings. *Id.* at 3, ¶ 12.

In December 2012, Plaintiff used Nova's test strips and, because of a blood-glucose reading that Plaintiff alleges was falsely high due to the product defect, Plaintiff sought medical treatment that was later determined to be unnecessary. *Id.* ¶ 13. In August 2013, Plaintiff received a letter from her pharmacy indicating that Plaintiff had received one or more test strips whose lot number was included in the recall. *Id.* ¶ 14. Plaintiff brings this action on behalf of all persons who purchased Nova's test strips that were subject to the July–August 2013 recall and, in addition, on behalf of a subclass of these persons who incurred additional medically related expenses as a result of the strips' improper test results. *Id.* at 3–4, ¶¶ 15, 16.

### DISCUSSION

#### I. Motion to Dismiss

#### A. Rule 12(b)(6) Standard

Rule 12(b)(6), Fed.R.Civ.P., governs motions to dismiss. That rule provides, in relevant part,

**(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(6) failure to state a claim upon which relief can be granted; . . . .

*Id.* The Court, therefore, considers the Federal Rules of Civil Procedure as they set forth the requirements for stating a claim.

Rule 8(a)(2), Fed.R.Civ.P., demands that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While a complaint need not provide detailed factual allegations, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *see also Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 958 (11th Cir.2009); *Corbitt v. Home Depot U.S.A., Inc.,* 573 F.3d 1223, 1256 (11th Cir.2009); *Cobb v. State of Florida,* 293 Fed.Appx. 708, 709 (11th Cir.2008); *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir.2007). "[N]aked assertion[s]" bereft of "further factual enhancement" do not suffice. *Twombly,* 550 U.S. at 555, 557, 127 S.Ct. 1955. As the Supreme Court has explained, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555, 127 S.Ct. 1955. "Moreover, the facts supporting the claim must be 'consistent with the allegations in the complaint.' " *Wilchombe,* 555 F.3d at 958 (quoting *Twombly,* 550 U.S. at 562, 127 S.Ct. 1955). On a motion to dismiss, the Court should accept the non-conclusory allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Hughes v. Lott,* 350 F.3d 1157, 1159–60 (11th Cir.2003) (internal citation omitted); *see also Cobb,* 293 Fed.Appx. at 709; *Brown v. Budget Rent–A–Car Syst., Inc.,* 119 F.3d 922, 923 (11th Cir.1997).

Courts therefore conduct a "two-pronged approach" when considering a motion to dismiss under Rule 12(b)(6). *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937. A court should first ask whether the pleading properly asserts "well-pleaded factual allegations" or whether, instead, it merely asserts " 'legal conclusions' [that are] not entitled to the assumption of truth." *Id.* at 679–680, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). If the complaint contains factual allegations that are well pled, the court should assume their veracity and then move to the next step, asking whether the factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S.Ct. 1937. Thus, where the pleading asserts non-conclusory, factual allegations that, if true, would push the claim "across the line from conceivable to plausible," the motion to dismiss should be denied. *Id.* at 680, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955) (quotation marks omitted).

### B. Economic–Loss Rule

■ Plaintiff brings two claims in tort against Nova—for product liability and negligence—but Nova's Motion to Dismiss asserts that these claims are barred by the economic-loss rule. ECF No. 8 at 8–9. Florida law provides for an economic-loss rule that prohibits a party in a product-liability case from suing in tort for "disappointed economic expectations" because these types of claims are generally protected by contract law, rather than tort law. *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.,* 110 So.3d 399, 400 (Fla.2013), *opinion appended in full at Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Companies, Inc.,* 714 F.3d 1253 (11th Cir.2013) (quoting *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.,* 236 Va. 419, 374 S.E.2d 55, 58 (1988)). Though over the years courts have expanded the applicability of the economic-loss rule, in *Tiara Condominium Association, Inc. v. Marsh & McLennan Companies, Inc.,* 110 So.3d 399 (Fla.2013), the Florida Supreme Court, upon a question certified by the Eleventh Circuit Court of Appeals, receded from prior case law to hold that the economic-loss rule applies to product-liability cases only. *Id.* at 400.

As the *Tiara* Court explained, the development of the economic-loss rule paralleled the

development of a strict-liability theory in actions based on defective products that caused personal injury. *Id.* at 403. When considering the issue of whether strict liability should replace warranty law for actions on depressed economic expectations concerning the product itself—just as strict liability had replaced implied warranties with regard to actions for personal injury caused by product defects—the Florida Supreme Court concluded that "strict liability has not replaced warranty law as the remedy for frustrated economic expectations in the sale of goods." *Id.* at 405 (quoting *Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So.2d 532, 541 (Fla. 2004)). The economic-loss rule thus developed "to prohibit a party from suing in tort for purely economic losses to a product or object provided to another for consideration, the rationale being that in those cases contract principles [are] more appropriate than tort principles for resolving economic loss without an accompanying physical injury or property damage." *Tiara Condo. Ass'n*, 110 So.3d at 405 (quoting *Moransais v. Heathman*, 744 So.2d 973, 980 (Fla.1999) (internal quotations marks omitted)).

█ Nova suggests that the economic-loss rule bars any tort claim based on purely economic damages. ECF No. 8 at 8. But *Tiara's* discussion makes clear that the rule applies to tort claims arising from depressed economic expectations concerning the product itself only, these being more properly cognizable under warranty law. *See Tiara Condo. Ass'n*, 110 So.3d at 406 (discussing *Am. Aviation, Inc.*, 891 So.2d at 542) ("the economic loss rule should be expressly limited to [its] original rationale and intent ... [such that] a manufacturer or distributor in a commercial relationship has no duty beyond that arising from its contract to prevent a product from malfunctioning or damaging itself."). Here, Plaintiff's alleged injury does not solely arise from a depressed economic expectation concerning test strips that she expected to be functional but that may have been defective. Instead, Plaintiff alleges that she incurred unnecessary medical treatment as a result of the defective product's faulty blood-glucose reading. ECF No. 1–1 at 3, ¶ 13. Plaintiff's claim thus extends beyond a mere depressed economic expecta-

tion because, according to Plaintiff, the product defect led to further injury and economic losses beyond damage to the product itself. Accordingly, the economic-loss rule does not bar Plaintiff's two tort claims that she brings as an individual.

█ But, in addition to her individual claims, Plaintiff defines two classes on behalf of which she brings this action: "[a]ll persons who purchased Nova Max glucose test strips subject to the July–August 2013 recall" and a subclass of "[a]ll persons who purchased Nova Max glucose test strips subject to the July–August 2013 recall and incurred additional medically-related expenses because of the strips' improper test results." ECF No. 1–1 at 3–4, ¶¶ 15, 16. To the extent that the only injury suffered by the first group is injury to the product itself, these claims are barred by the economic-loss rule as claims cognizable under warranty law, but not tort law. Accordingly, Plaintiff's class-action allegation of a group of those who merely purchased the defective strips is dismissed, but dismissal of the subclass of those who incurred additional medical expenses is denied.

### C. Plaintiff's Complaint Under the Rule 12(b)(6) Standard

In addition, Nova asserts that Plaintiff's Complaint fails to meet the *Twombly* pleading standard in other respects. Though Nova argues that Plaintiff does not specifically allege that the test strips she purchased were actually defective, the Complaint does clearly allege that Plaintiff "purchased the defective glucose test strip." ECF No. 1–1 at 1–2, ¶ 3. Nova also contends that the Complaint fails to specify which of the lots identified within the recall notice Plaintiff purchased. ECF No. 8 at 6. Nova notes that, while the recall encompasses nearly twenty lots, the defect was suspected to be present in only three of those lots. *Id.* at 3 n. 2. But the Complaint alleges that the test strips that Plaintiff purchased were defective, and the Court must accept that allegation as true on a motion to dismiss. *Hughes*, 350 F.3d at 1159–60.

Nova also argues that the Complaint fails to state a claim because it does not set forth

whether Plaintiff obtained a replacement product or tested her strips as directed in the recall notice, nor does it assert the date and nature of Plaintiff's allegedly unnecessary medical treatment. ECF No. 8 at 6. With respect to whether Plaintiff obtained a replacement or tested the strips, neither of those facts would bear on whether Plaintiff properly states her *prima facie* products-liability or negligence claims. *See, e.g., Bruner v. Anheuser–Busch, Inc.,* 153 F.Supp.2d 1358, 1360 (S.D.Fla.2001), *aff'd sub nom. Bruner v. Annheuser–Busch, Inc.,* 31 Fed.Appx. 932 (11th Cir.2002) (quoting *West v. Caterpillar Tractor Co., Inc.,* 336 So.2d 80, 87 (Fla.1976)) ("to satisfy the prima facie elements of a strict products liability claim against a manufacturer, a 'user must establish the manufacturer's relationship to the product in question, the defect and unreasonably dangerous condition of the product, and the existence of the proximate causal connection between such condition and the user's injuries or damages.' ").

■ Plaintiff's injuries or damages, on the other hand, are indeed essential elements of her claims. Both counts in the Complaint incorporate Plaintiff's allegation that she received "medical treatment that was later determined to be unnecessary" because of the falsely high test-strip reading. ECF No. 1–1 ¶¶ 13, 25, 32. Contrary to Nova's assertion, detailed factual allegations about the exact nature or circumstances of this medical treatment is not necessary for Plaintiff to state a claim. *See Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Accordingly, Nova's Motion to dismiss the Complaint because it fails to state a claim is denied.

## II. Motion to Strike Class–Action Allegations

In addition to its motion to dismiss under Rule 12(b)(6), Nova moves to strike the class-action allegations from Plaintiff's Complaint pursuant to Rule 12(f), Fed.R.Civ.P. ECF No. 9. Nova argues that the class-action allegations fail to meet the requirements to bring a class action under Rule 23, Fed. R.Civ.P. *Id.*

■ Courts often address the issue of class certification upon a plaintiff's motion for class certification,[1] but Nova contends that striking the class-action allegations are proper at this stage in the case because the allegations are defective on their face. ECF No. 9 at 4. Rule 23(c)(1) directs that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed.R.Civ.P. 23(c)(1)(A). "This decision, therefore, will normally be made expeditiously." *Am. Pipe & Const. Co. v. Utah,* 414 U.S. 538, 562, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (J. Blackmun, concurring) (citing Fed.R.Civ.P. 23(c)(1)). "Rule 23 demands an early consideration of class certification, including its practical implications for case manageability" in order to avoid undue delay in consideration of the class-certification issue that would "introduc[e] needless and avoidable complexity into an already complex case." *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1279 (11th Cir.2009).

■ In order to promote the expeditious determination of class certification, some districts require plaintiffs to move for class certification within ninety days of filing the complaint, but this district is not one of them. *See, e.g.,* N.D. Fla. R. 23.1(B); N.D. Ga. R. 23.1(B). On a motion for class certification, the plaintiff bears the burden of establishing the elements that support certification. *London v. Wal–Mart Stores,* 340 F.3d 1246, 1253 (11th Cir.2003); *see also Nelson v. U.S. Steel Corp.,* 709 F.2d 675, 679–80 (11th Cir.1983)

---

1. Though a plaintiff will typically move for class certification, the complaint's allegations of a class action themselves create a court's "independent obligation to decide whether an action was properly brought as a class action, even where … neither party moves for a ruling on class certification." *Martinez–Mendoza v. Champion Intern. Corp.,* 340 F.3d 1200, 1216 n. 37 (11th Cir.2003) (citing *McGowan v. Faulkner*

*Concrete Pipe Co.,* 659 F.2d 554, 559 (5th Cir. Unit A 1981); *accord Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of Miss.,* 637 F.2d 1014, 1022 n. 9 (5th Cir.1981)). Such a determination on certification must be made prior to final judgment even if the court finds against the named plaintiffs on the merits. *Martinez–Mendoza,* 340 F.3d at 1215–16.

(citing *Jones v. Diamond,* 519 F.2d 1090 (5th Cir.1975)) ("A court cannot simply presume that the commonality requirement has been satisfied; the plaintiff bears the burden of proof on this issue."). These elements include the four requirements of Federal Rule of Civil Procedure 23(a), commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *Wal–Mart Stores, Inc. v. Dukes,* —— U.S. ——, 131 S.Ct. 2541, 2548, 180 L.Ed.2d 374 (2011); *Amchem Prods. Inc. v. Windsor,* 521 U.S. 591, 613, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).

 A court's ruling on a motion for class certification is not final because the Federal Rules of Civil Procedure expressly provide that an order that grants or denies class certification may be altered or amended before final judgment. Fed.R.Civ.P. 23(c)(1)(C); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 13, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("The rationale behind Rule 23(c)(1) is that a certification decision should be made '[a]s soon as practicable,' even though later events or discoveries may mandate a different result. Many other orders, by contrast, are made with the expectation that they will be the final word on the subject addressed."). Because a district court retains the flexibility to change its position on a motion for class certification, orders on motions for class certification are usually not appealable as of right. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (noting that such an order does not fall within the exceptions to the final judgment rule because, among other reasons, the order is "subject to revision by the District Court"); *In re Bayshore Ford Trucks Sales, Inc.,* 471 F.3d 1233, 1254 (11th Cir. 2006); *but see* Fed.R.Civ.P. 23(f) (granting

circuit courts of appeals the discretion to permit appeals of orders on class certification). Thus, any prejudice to the parties arising from the court's directive to rule on class certification as early as practicable— and, possibly, prior to a fully developed record—is tempered in part by the court's ability to amend its ruling on class certification as new evidence comes to light concerning the propriety of certification.

 Here, the issue of class certification is before the Court not on a motion for class certification under Rule 23 but, rather, on Nova's Motion to Strike Plaintiff's class-action allegations from the Complaint pursuant to Rule 12(f).[2] *See* ECF No. 9 at 1. Rule 12(f) provides that a court "may strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ.P. 12(f). Courts consider striking a pleading to be a "drastic remedy" and generally view motions to strike "with disfavor." *Regions Bank v. Commonwealth Land Title Ins. Co.,* No. 11–23257, 2012 WL 5410609, at *2 (S.D.Fla. Nov. 6, 2012) (quoting *Exhibit Icons, LLC v. XP Cos.,* 609 F.Supp.2d 1282, 1300 (S.D.Fla.2009); *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC,* No. 09–61490, 2010 WL 5393265, at *1 (S.D.Fla. Dec. 21, 2010)). A motion to strike will therefore "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Regions Bank,* 2012 WL 5410609, at *2 (quoting *Seibel v. Society Lease, Inc.,* 969 F.Supp. 713, 714 (M.D.Fla.1997)). Because Nova moves to strike allegations from the Complaint pursuant to Rule 12(f), the Court must address whether the Rule 12(f) standard governs Nova's Motion, even if the Motion also concerns the class-action considerations of Rule 23.

---

**2.** Instead of moving to strike class-action allegations under Rule 12(f), defendants sometimes move to dismiss class-action allegations under Rule 12(b)(6), Fed.R.Civ.P. *See Oginski v. Paragon Properties of Costa Rica, LLC,* No. 10–21720, 2011 WL 3489541, at *3 (S.D.Fla. Aug. 9, 2011) (motion to dismiss class-action allegations more properly addressed as a motion for class certification); *Lemontang v. J.W. Lee, Inc.,* No. 08–60744, 2008 WL 2609658, at *1 (S.D.Fla. June 26, 2008) (same); *but see Saunders v. BellSouth*

*Adver. & Pub. Corp.,* 1998 WL 1051961, at *1 n. 1 (S.D.Fla. Nov. 10, 1998) (motion to dismiss class-action allegations procedurally proper under Rule 23(c)(1)'s directive to rule as soon as practicable). Because Nova does not move to dismiss the class-action allegations under Rule 12(b)(6), the Court does not opine on whether dismissal of the class-action allegations—as opposed to striking the allegations—would be proper in the instant matter.

The Eleventh Circuit has previously upheld a district court order granting a motion to strike class-action allegations without discussing the proper standard to strike those allegations. *Griffin v. Singletary*, 17 F.3d 356, 361 (11th Cir.1994); *see also Abercrombie v. Lum's, Inc.*, 531 F.2d 775, 776 n. 3 (5th Cir.1976).[3] Nova points to cases from other district courts of this circuit that have granted motions to strike class-action allegations, but none of these cases discuss the Rule 12(f) standard, either. *See Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689 (M.D.Ga.2012); *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480 (M.D.Ga.1995); *Kubany by Kubany v. Sch. Bd. of Pinellas County*, 149 F.R.D. 664 (M.D.Fla.1993).

Nova also relies on *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009), but that case affirmed the denial of a typical Rule 23 motion for class certification, not a motion to strike class-action allegations. *Id.* at 937. The *Vinole* Court nevertheless discussed two district-court cases that did consider motions to strike class-action allegations and noted that it was within the district court's discretion to deny a motion to strike and allow plaintiffs time to conduct class discovery when "the defendant had not yet answered the complaint, discovery had not yet commenced, and no motion to certify a class had been filed."[4] *Id.* at 941 (citing *Baas v. Dollar Tree Stores, Inc.*, No. 07–03108, 2007 WL 2462150, at *2–*3 (N.D.Cal. Aug. 29, 2007); *In re Wal–Mart Stores, Inc. Wage & Hour Litig.*, 505 F.Supp.2d 609, 613 (N.D.Cal.2007)). Both of these district court cases expressly considered the motions to strike under the Rule 12(f) standard when denying the motions. *See Baas*, 2007 WL 2462150, at *1; *Wal–Mart Stores*, 505 F.Supp.2d at 614.

Nova filed the instant Motion to Dismiss and Motion to Strike on December 16, 2013, and the Court stayed factual discovery on February 18, 2014, pending resolution of the instant Motions. ECF No. 31. Accordingly, the instant matter is in a similar procedural posture to the Ninth Circuit cases in which a ruling on class certification was deemed to be premature. *See Vinole*, 571 F.3d at 941. Moreover, striking Plaintiff's class-action allegations from her Complaint would prevent the Court from reconsidering the certification issue at a later date absent amendment of the Complaint. This differs from an order on a motion for class certification, in which the class-action allegations remain intact, if dormant, in the complaint for the court to reconsider at a later date. Thus, an order on a motion to strike class-action allegations would, by its very nature, carry more finality and less prospective flexibility than the typical order on a motion for class certification. This lack of flexibility weighs against the general directive for expeditious consideration of certification and supports the notion that motions to strike should be viewed under a stricter standard than the typical Rule 23 motion.

■ Thus, though Nova invites the Court to analyze its Motion to Strike entirely under the rubric of a Rule 23 motion, the Court deems it proper, instead, to view the Rule 23 factors through the lens of the Rule 12(f) standard for motions to strike. As a result, the proper inquiry upon Nova's motion is whether Plaintiff's class-action allegations are "redundant, immaterial, impertinent, or scandalous." Fed.R.Civ.P. 12(f). The Court finds nothing redundant, immaterial, impertinent, or scandalous about allegations defining a class of all those who purchased recalled blood-glucose test strips in a product-liability Complaint against the manufacturer of those test strips. Accordingly, Nova's motion to strike is denied.[5]

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** as follows:

---

3. The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981).

4. The Local Rules of this District similarly provide district courts with the discretion to grant, deny, or postpone determination pending further

discovery upon a Rule 23 motion for class certification. *See* S.D. Fla. L.R. 23.1(c).

5. The Court does not opine on whether the alleged class could be properly certified on a Rule 23 motion for class certification.

1. Defendant Nova Biomedical Corporation's Motion to Dismiss [ECF No. 8] is **GRANTED IN PART AND DENIED IN PART;**

2. Defendant Nova Biomedical Corporation's Motion to Strike Class Action Allegations [ECF No. 9] is **DENIED;**

3. The first class-action allegation in Plaintiff's Complaint, ECF No. 1–1 at 3–4, ¶ 15, is **DISMISSED;**

4. The stay in this matter, *see* ECF No. 31, is **LIFTED;**

5. The Court will separately issue a Scheduling Order in this matter.